**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

VICKERS VIRLEY FRITZGERALD
WAUGH, a/k/a Vickers Virley
Fitzgerald Waugh,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 10-9551

---

## PETITION FOR REVIEW OF A DECISION OF THE
## BOARD OF IMMIGRATION APPEALS

---

Submitted on the briefs:[*]

Hakeem Ishola, Ishola Tarin, P.L.L.C., West Valley City, Utah, for Petitioner.

David V. Bernal, Assistant Director, Tiffany L. Walters, Trial Attorney, and Tony
West, Assistant Attorney General, United States Department of Justice, Civil
Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior Circuit
Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**McKAY**, Circuit Judge.

Petitioner, a Jamaican citizen and lawful permanent resident of the United States, petitions for review of the decision of the Board of Immigration Appeals (BIA) ordering him removed. In August 2009, petitioner pled guilty in Utah state court to one count of unlawful sexual contact with a minor, a third-degree felony under Utah law. Following his conviction, the government instituted removal proceedings, and the immigration judge (IJ) found petitioner removable on two grounds: (1) for sexual abuse of a minor, which constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(A); and (2) for child abuse. The first ground made petitioner removable under § 1227(a)(2)(A)(iii), and the second ground made him removable under § 1227(a)(2)(E)(i).[1]

While petitioner's removal proceedings were pending, the Supreme Court issued its opinion in *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010), in which it held that, for a non-citizen defendant, the Sixth Amendment right to effective assistance of counsel includes the right to be advised of the risk of removal resulting from a guilty plea. Relying on *Padilla*, petitioner filed a

---

[1]    The IJ declined to address whether petitioner's Utah conviction also constituted a crime of violence, which would also be an aggravated felony that would support removal under § 1227(a)(2)(A)(iii).

motion to withdraw his guilty plea in state court, arguing he was not properly advised that pleading guilty to the charge of unlawful sexual contact with a minor would make him removable.

Petitioner also moved the IJ to terminate the removal proceedings. Petitioner argued that the government had to prove, as part of its burden to establish grounds for removal by clear and convincing evidence, that the Utah conviction underlying his removal comported with his right to effective assistance of counsel as described in *Padilla*. Petitioner contended the government could not meet this burden of proof, so the proceedings should be terminated. Alternatively, he asked the IJ to continue the proceedings until his motion to withdraw his guilty plea was resolved in state court.

The IJ denied both requests. The IJ held that petitioner's contention that he was denied the effective assistance of counsel in connection with his guilty plea was a collateral attack on his conviction that the IJ did not have authority to consider and that should be resolved in the state court. The IJ further held that, until it was vacated or overturned by the state court, petitioner's conviction constituted a valid conviction to which the IJ had to give full faith and credit. The IJ concluded the evidence established petitioner was convicted of unlawful sexual contact with a minor and that the conviction made him removable under § 1227(a)(2)(A)(iii) and § 1227(a)(2)(E)(i). The IJ therefore ordered petitioner removed.

Petitioner appealed the IJ's order to the BIA, arguing the IJ should have terminated the proceedings because the government could not meet its burden of proof, or, at a minimum, should have continued the proceedings until the state court challenge was resolved. Petitioner did not challenge the IJ's determination that the conviction, if valid, was grounds for removal under either § 1227(a)(2)(A)(iii) or § 1227(a)(2)(E)(i), and he does not challenge that determination in his petition for review.

The BIA denied petitioner relief on appeal. Like the IJ, the BIA held that petitioner's arguments were in the nature of a collateral attack on his conviction and could not be entertained by the IJ or the BIA. Further, it held that petitioner's pursuit of a collateral attack in state court and his contention that his conviction would ultimately be invalidated based on *Padilla* did not undermine the finality of his conviction for immigration purposes. The BIA noted petitioner's motion to withdraw his guilty plea was still pending in state court, and held that, unless and until petitioner's conviction was overturned by the state court, it was final for immigration purposes and supported the removal order.

Petitioner makes essentially the same arguments in his petition for review that he made to the IJ and the BIA, but couches them in constitutional terms, arguing that he was denied due process in the agency proceedings. He does so, no doubt, because our jurisdiction to review an order of removal against an aggravated felon is significantly limited: we may review the removal order only

-4-

to the extent petitioner raises constitutional or legal challenges to the order, *see* 8 U.S.C. §§ 1252(a)(2)(C), (D).

Petitioner first argues that he was denied due process when the BIA determined that he had been "convicted of a removable 'aggravated felony' offense, notwithstanding that the alleged conviction is not final in Utah state court and the conviction was not in comport with the Sixth Amendment, given that Petitioner's defense counsel failed to disclose true immigration consequences of the plea as required by *Padilla*." Pet'r Opening Br. at 2-3. Petitioner's argument relies on two false premises: 1) that the pendency of the state court proceedings challenging his guilty plea on Sixth Amendment grounds made his conviction not final for immigration purposes; and 2) that *Padilla* expanded the elements the government must prove to establish that an alien has been convicted of a removable offense, to include proof that the underlying conviction did not violate the Sixth Amendment.

At the outset, we note that since the BIA issued its decision, the Utah courts have denied petitioner relief on his motion to withdraw his guilty plea. *See State v. Waugh*, No. 20100737-CA, 2010 WL 4379465 (Utah App. Nov. 4, 2010) (per curiam) (unpublished), *cert. denied*, 251 P.3d 245 (Utah 2011). Although it appears that even petitioner would agree his conviction is now final, we conclude the resolution of the state court proceedings did not moot petitioner's arguments about the use of his Utah conviction to support removal. First, even if petitioner

would concede that his conviction is now final, that would not answer the question whether the conviction was final at the time the IJ entered the removal order. Second, the Utah proceedings did not establish whether petitioner's Sixth Amendment rights were violated, because the Utah Court of Appeals affirmed the denial of relief solely on the ground that petitioner's motion to withdraw his guilty plea was untimely. *See id.* at *1. And in any event, under petitioner's theory, resolution of his challenge to his conviction by the state court–even on the merits–would not answer the question whether the IJ could rely on petitioner's conviction to support removal absent proof from the government that the conviction comported with the Sixth Amendment under *Padilla*.

We turn, then, to petitioner's arguments, beginning with the government's burden of proof. The government bears the burden of proving by clear and convincing evidence that the alien is removable. 8 U.S.C. § 1229a(c)(3)(A). When removal is based on a criminal conviction, the government may prove the existence of the conviction through a variety of documents or records, including those the government relied on here. *See* 8 U.S.C. § 1229a(c)(3)(B); Admin R. at 229-237 (containing the information, the amended information, and a certified copy of the minutes of sentencing and the judgment, sentence and commitment notice).

In determining whether a conviction supports removal, "[i]mmigration authorities must look solely to the judicial record of final conviction and may not

make their own independent assessment of the validity of [the alien's] guilty plea. . . . As an administrative agency, the INS has no power to adjudicate the validity of state convictions underlying deportation proceedings." *Trench v. INS*, 783 F.2d 181, 184 (10th Cir. 1986) (internal quotation marks omitted). Accordingly, "an alien cannot collaterally attack the legitimacy of a state criminal conviction in a deportation proceeding." *Id.*

In *Trench*, the alien challenged the validity of his conviction on the same ground petitioner does here: his counsel did not advise him properly about the risk of removal arising from his guilty plea. *Id.* at 183. We held that even if trial counsel's allegedly incorrect advice violated the Sixth Amendment (an issue on which the circuit courts were then divided), the alien could not challenge the validity of his conviction in the immigration proceedings; he had to bring his challenge in state court. *Id.* at 183-184. The Sixth Circuit recently considered a similar challenge based specifically on *Padilla* and held the alien's claim of ineffective assistance was "not a proper one in immigration proceedings. . . . [A]n alien petitioner may not collaterally attack a criminal conviction that serves as the basis for the [government's] initiation of removal proceedings against the alien . . . on review from a decision of the BIA." *Garcia v. Holder*, 638 F.3d 511, 518 (6th Cir. 2011).

Petitioner himself acknowledges that an alien cannot attack the legitimacy of a state court conviction in immigration proceedings. *See* Pet'r Opening Br. at

20 n.11. To circumvent this limitation, petitioner seeks to put the burden on the government to prove as part of *its* case that his conviction was constitutional under the Sixth Amendment. He contends that the Supreme Court's decision in *Padilla* requires this expansion of the government's burden.

At issue in *Padilla* was whether the state court properly denied the alien defendant post-conviction relief on the ground that "the Sixth Amendment's guarantee of effective assistance of counsel does not protect a criminal defendant from erroneous advice about deportation because it is merely a 'collateral' consequence of his conviction." 130 S. Ct. at 1478. The Supreme Court concluded the state court erred, holding that, before a non-citizen criminal defendant enters a guilty plea, his counsel has a duty under the Sixth Amendment to inform him "whether his plea carries a risk of deportation." *Id.* at 1486. Having determined the defendant's counsel had a duty under the Sixth Amendment to provide accurate advice about the risk of deportation, the Court applied the familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), to determine whether counsel's erroneous advice deprived the defendant of the effective assistance of counsel. *Padilla*, 130 S. Ct. at 1482-1484.[2]

---

[2] The Court concluded counsel's advice fell below an objective standard of reasonableness under the first prong of *Strickland*, but remanded the action to the state court to determine whether the defendant could establish the requisite

(continued...)

In reaching its conclusion that the right to effective assistance of counsel includes the right to accurate advice about the risk of deportation, the Court noted that significant changes in immigration law over the past 90 years "have dramatically raised the stakes of a noncitizen's criminal conviction" such that, today, "removal is practically inevitable" for any noncitizen convicted of a removable offense. *Id.* at 1480. "[A]s a matter of federal law," the Court said, "deportation is an integral part–indeed, sometimes the most important part–of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes." *Id.* (footnote omitted). Petitioner seizes on this language to argue that because deportation is an integral part of the penalty that may be imposed *in a criminal proceeding*, the government must prove *in an immigration proceeding* that the alien received constitutionally adequate advice about the immigration consequences of his plea.

Petitioner does not suggest the government must prove a criminal alien's conviction is free of any other constitutional infirmities, even others under the Sixth Amendment. And, unlike petitioner, we see nothing in *Padilla* that would create the unique burden petitioner proposes. *Padilla* merely established another way in which a criminal defendant's Sixth Amendment rights may be violated. The Court did not suggest that advice about the risk of deportation is

_____

[2](...continued)
prejudice under the second prong. *Padilla*, 130 S. Ct. at 1482-84, 1485.

-9-

categorically different from other advice that is constitutionally required, and it applied the same *Strickland* analysis to the defendant's claim that applies to other claims of ineffective assistance of counsel.

Moreover, petitioner ignores a fundamental limitation: neither the IJ nor the BIA has authority to adjudicate the constitutionality of an underlying criminal conviction. *See Trench*, 783 F.2d at 184. If the government had to prove an alien's underlying conviction satisfied the Sixth Amendment under *Padilla*, the IJ would necessarily have to determine whether the conviction was constitutional as part of his assessment of the evidence supporting removal. And to determine whether a conviction comported with *Padilla*, in particular, the IJ would likely have to hold an evidentiary hearing to determine what advice, if any, the alien's criminal defense counsel provided. Inserting these issues into immigration proceedings "could not, as a practical matter, assure a forum reasonably adapted to ascertaining the truth of the claims raised. It could only improvidently complicate the administrative process." *Zinnanti v. INS*, 651 F.2d 420, 421 (5th Cir. 1981) (per curiam).

Further, petitioner would have the government prove a negative–the lack of a Sixth Amendment violation–by clear and convincing evidence, and do so when few, if any, of the operative facts about defense counsel's advice were within its knowledge. Finally, requiring the government to prove–and the IJ to find–that the alien's underlying conviction comported with the Sixth Amendment could lead to

contrary results in the administrative proceedings and any state or federal court proceedings challenging the alien's conviction. Thus, from both a legal and a practical standpoint, petitioner's contention that "the Government must prove as an element of 'conviction' whether such was had in comport with the Sixth Amendment to the United States Constitution," Pet'r Opening Br. at 26, is untenable.

Petitioner's contention that his conviction was not final in light of the pending state court proceedings is likewise unsupportable. The Immigration and Nationality Act defines "conviction" for immigration purposes as

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--
>
>> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>>
>> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). We recently explained that "Congress adopted [this] definition of 'conviction' in 1996 specifically to supplant a prior BIA interpretation that had required deportation to wait until direct appellate review (though never collateral review) of the conviction was exhausted or waived." *United States v. Adame-Orozco*, 607 F.3d 647, 653 (10th Cir.), *cert. denied*, 131 S. Ct. 368 (2010). Section 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

-11-

"From this, it follows that an alien is lawfully deportable as soon as a formal judgment of guilt is entered by a trial court." *Adame-Orozco*, 607 F.3d at 653. Thus, "while the alien may have the right to pursue appellate or collateral relief for an aggravated felony conviction under various provisions of state and federal law, the government need not wait until all these avenues are exhausted before deporting him." *Id.*; *see also Paredes v. Att'y Gen. of U.S.*, 528 F.3d 196, 198-99 (3d Cir. 2008) (holding that "pendency of post-conviction motions or other forms of collateral attack . . . does not vitiate finality [for removal purposes], unless and until the convictions are overturned as a result of the collateral motions") (collecting cases). Nothing in *Padilla* alters these long-standing principles. We therefore reject petitioner's contention that the IJ and BIA erred in relying on his Utah conviction to support his removal.

Though he devotes little attention to it, petitioner also argues the IJ and BIA erred in denying his request to continue the removal proceedings until his motion to withdraw his guilty plea was resolved in state court. Petitioner attempts to frame this argument as a denial of due process, suggesting the BIA ignored its own (unidentified) precedents. It appears petitioner's true objection, however, is to the way the IJ and BIA exercised their discretion: they should have found the circumstances warranted a continuation. This challenge raises neither a constitutional nor a legal issue, so we are without jurisdiction to review

-12-

it.  *See* 8 U.S.C. § 1252(a)(2)(C), (D).  And in any event, the issue is moot now that the state court proceedings have concluded.

The petition for review is denied.