NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 5, 2011
Decided December 1, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-1461

| | |
|---|---|
| JOSE CAHUE, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A 070-421-514 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Jose Cahue, a Mexican citizen, petitioned the Board of Immigration Appeals to reopen proceedings that have led to his removal from the United States. The Board refused, and Cahue asks us to review that decision. Only one of the contentions he makes in this court falls within the scope of our subject-matter jurisdiction, and that argument lacks merit. Accordingly, we deny the petition for review.

Cahue first entered the United States illegally in 1988, when he was 16 years old. Several years later he was arrested in Illinois with a small amount of cocaine and charged with simple possession. S*ee* 720 ILCS 570/402(c). Instead of resolving the criminal case he returned to Mexico, though he came back after a few months. That was in 1992, but Illinois

authorities were not aware of his return until he was arrested for disorderly conduct in 1994. Two weeks later he pleaded guilty to the drug charge and was sentenced to probation. Cahue later married a United States citizen, and together they have three children.

In 2007 the Department of Homeland Security caught up with Cahue and issued a Notice to Appear. Immigration authorities charged that he was removable because he was in the United States illegally, 8 U.S.C. § 1182(a)(6)(A)(i), and also because he had been convicted of a crime "relating to a controlled substance," *id.* § 1182(a)(2)(A)(i)(II). When Cahue appeared before an immigration judge, he conceded that he was removable but applied for cancellation of removal. One eligibility criterion, however, is that he not have a conviction for a crime relating to a controlled substance. *See id.* § 1229b(b)(1); *Marin-Garcia v. Holder*, 647 F.3d 666, 669 (7th Cir. 2011). Cahue therefore conceded he was subject to removal because he was in the United States illegally, but he argued that his cocaine offense had not resulted in a conviction for a crime "relating to a controlled substance" and thus could not justify removal or foreclose cancellation of removal. The immigration judge rejected Cahue's understanding of his conviction, as did the Board of Immigration Appeals.

The Board's ruling came in June 2010, but at that point Cahue did not seek judicial review. Instead he did nothing for seven months until, on January 14, 2011, he filed a motion asking the Board to reopen the removal proceedings under 8 C.F.R. § 1003.2(c)(1). Cahue explained that, the previous day, he had filed a postconviction petition in Illinois state court challenging his 1994 conviction on the basis of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), which holds that a defense lawyer must tell his client whether a guilty plea carries a risk of deportation. According to Cahue, his lawyer in the criminal case "never advised" or perhaps (as Cahue says elsewhere in the same motion) "affirmatively misadvised" him about the effect a conviction would have on his immigration status. Although *Padilla* was not decided until 2010, Cahue insisted in his motion to reopen that the rule announced in that decision applies retroactively and thus governed at the time of his 1994 conviction. Cahue did not say explicitly why the Board should reopen the removal proceedings, but presumably his goal was to forestall being ejected from the United States until the state court could rule on his postconviction petition and (Cahue presumed) vacate his conviction. As far as we are told, however, Cahue's postconviction petition is still pending in state court, and Cahue has been removed to Mexico.

The Board denied Cahue's motion to reopen in February 2011. After acknowledging that Cahue had filed a postconviction petition, the Board concluded that "the ruling in *Padilla* does not change the finality of the respondent's conviction for immigration purposes, unless and until it is overturned by a criminal court." Cahue has now petitioned for review in this court. He filed too late to challenge the Board's underlying decision from June 2010,

and instead his petition for review is timely only as to the February 2011 denial of his motion to reopen. *See Victor v. Holder*, 616 F.3d 705, 708 (7th Cir. 2010).

Our review of the latter decision, as a practical matter, is academic. As we have noted, Cahue wanted the removal proceedings reopened so that he could get his 1994 drug conviction overturned on the understanding that *Padilla* applies retroactively. After briefing was complete, however, we held that *Padilla* announced a new rule that does not apply retroactively to prosecutions that already were final. *Chaidez v. United States*, 655 F.3d 684, 686 (7th Cir. 2011), *rev'g United States v. Chaidez*, 730 F. Supp. 2d 896 (N.D. Ill. 2010); *accord United States v. Chang Hong*, No. 10-6294, 2011 WL 3805763, at *1 (10th Cir. Aug. 30, 2011); *contra United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011). As a result, the ineffective-assistance claim on which Cahue's postconviction petition is premised cannot succeed in undermining his drug conviction, and yet a belief that the conviction will be overturned is the sole basis for Cahue's motion to reopen. Our decision in *Chaidez* makes evident that the state court has not been presented with a meritorious federal claim, and at oral argument counsel for Cahue conceded that his postconviction petition does not present an alternative basis under Illinois law for setting aside his conviction. It would be pointless, then, to force the Board to take a fresh look at the matter.[1]

---

[1] Even apart from *Chaidez*, Cahue's postconviction petition faces significant obstacles. Cahue presumes that *Padilla* compels a finding that his lawyer's performance was deficient, but on what basis? Cahue was subject to removal whether or not he pleaded guilty to the drug charge, since he was in the United States illegally. In contrast, the petitioner in *Padilla* was a lawful permanent resident whose lawyer misadvised him about the deportation consequences of pleading guilty to a drug crime, which meant that his guilty plea was the reason he became subject to removal. 130 S. Ct. at 1477–78. After *Padilla* a lawyer is required to advise the defendant "whether his plea carries a risk of deportation," 130 S. Ct. at 1486, but for Cahue that risk existed independently of his guilty plea. And when he entered that plea in 1994, Cahue was not even eligible for cancellation of removal because he had most recently returned to the United States only two years earlier. *See* 8 U.S.C. § 1229b(b)(1) (listing eligibility criteria for cancellation of removal, including that alien has been in the United States continuously for at least 10 years). Cahue's lawyer was deficient, then, only if a court applying *Padilla* could conclude that counsel should have warned Cahue that eight years in the future his guilty plea would make him ineligible for cancellation of removal if, despite being in the United States illegally, he managed to maintain a continuous presence for that lengthy period. That seems a stretch. What is more, a finding that Cahue's counsel provided deficient performance would satisfy only the first of the two elements needed to establish ineffective assistance of counsel. Cahue would also be required to establish

(continued...)

Not that there is any legal basis for upsetting the Board's decision. The Board concluded that Cahue was subject to removal because his 1994 conviction is for a crime relating to a controlled substance, so we have jurisdiction to review the ruling on his motion to reopen only to the extent that Cahue presents us with a constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Torres-Tristan v. Holder*, 656 F.3d 653, 658 (7th Cir. 2011); *Aguilar-Mejia v. Holder*, 616 F.3d 699, 703 (7th Cir. 2010); *Freeman v. Holder*, 596 F.3d 952, 956 & n.2 (8th Cir. 2010); *Zamora-Mallari v. Mukaskey*, 514 F.3d 679, 694 (7th Cir. 2008). And even apart from Cahue's drug conviction, our jurisdiction would be limited in the same manner because he is challenging the denial of a request under 8 U.S.C. § 1229b(b)(1) for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Marin-Garcia*, 647 F.3d at 671. When our jurisdiction is restricted to constitutional claims and questions of law, we may not examine the Board's factual findings, the reasons the Board gave in exercising discretion to deny a motion to reopen, or the discretionary decision itself. *See Khan v. Flip*, 554 F.3d 681, 688 (7th Cir. 2009); *Jezierski v. Mukasey*, 543 F.3d 886, 888 (7th Cir. 2008); *Huang v. Mukaskey*, 534 F.3d 618, 620 (7th Cir. 2008). We have recognized, however, that a contention that the Board "completely ignored the evidence put forth by a petitioner is an allegation of legal error." *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008); *see Kiorkis v. Holder*, 634 F.3d 924, 928 (7th Cir. 2011) (evaluating claims that Board completely ignored petitioner's specific arguments). This understanding derives from our recognition that the Board commits legal error when it fails to exercise its discretion at all. *See, e.g., Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009); *Huang*, 534 F.3d at 620.

Cahue slips through this narrow jurisdictional window by asserting that, in denying his motion to reopen, the Board ignored the existence of the postconviction petition he filed in state court. Yet this contention lacks credence. The Board explicitly acknowledged that Cahue had a "petition for post-conviction relief" pending in state court but concluded that his drug conviction would still remain final for immigration purposes unless and until it is overturned. In *Iglesias* we found legal error because the Board's decision did not "even mention" the petitioner's substantial evidence, 540 F.3d at 532, but here the Board did confront the lone piece of evidence that Cahue submitted. The situation before us thus parallels *Kiorkis*, where the record demonstrated that the immigration courts had not ignored evidence or the petitioner's claims. 634 F.3d at 929–30. And though Cahue does not contest the Board's position that *Padilla* leaves intact the rule that a criminal conviction remains final for immigration purposes unless set aside judicially, we note there is ample precedent for that rule in the decisions of the courts and the Board. *See Jimenez-Guzman v.*

---

[1](...continued)
prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Payne v. Brown*, No. 10-1869, 2011 WL 5505331, at \*2 (7th Cir. Nov. 10, 2011).

*Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009); *Paredes v. Attorney Gen. of the U.S.*, 528 F.3d 196, 198–99 (3d Cir. 2008); *United States v. Garcia-Echaverria*, 374 F.3d 440, 445–46 (6th Cir. 2004); *Okabe v. INS*, 671 F.2d 863, 865 (5th Cir. 1982); *Matter of Madrigal-Calvo*, 21 I. & N. Dec. 323, 327 (BIA 1996); *In re Ponce De Leon-Ruiz*, 21 I. & N. Dec. 154, 156-57 (BIA 1996); *see also Waugh v. Holder*, 642 F.3d. 1279, 1284 (10th Cir. 2011) (stating that *Padilla* does not disturb rule).

The rest of Cahue's arguments are neither constitutional nor legal and thus fall outside our jurisdiction. He contends that the Board should have deemed his postconviction petition to be new and material evidence warranting the reopening of his case; indeed, he goes so far as to suggest that the Board was obliged to assess his likelihood of success in state court before rejecting his motion to reopen. But this line of argument asks us to review the manner in which the Board weighed factors affecting its exercise of discretion, and that we cannot do. No matter whether the Board did or might have characterized Cahue's postconviction petition as new and material evidence, the Board still retained discretion to deny his motion to reopen. *See* 8 C.F.R. § 1003.2(a); *Waugh*, 642 F.3d at 1284–85 (petitioner's contention that Board had erred in refusing to stay removal proceedings while he collaterally attacked conviction was in fact a challenge to Board's exercise of discretion and outside jurisdiction of court of appeals). Cahue cannot expand our jurisdiction by seeking to pass off as a legal question what is obviously a disagreement with the Board's exercise of discretion. *See Khan*, 554 F.3d at 689. Accordingly, the petition for review is DENIED.