FILED
United States Court of Appeals
Tenth Circuit

December 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FRANCISCO DANIEL
TEJEDA-ACOSTA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 12-9503
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Francisco Daniel Tejeda-Acosta, a native and citizen of Mexico, challenges the

Board of Immigration Appeals's (BIA's) final order of removal.  Because we lack

jurisdiction, we dismiss Tejeda-Acosta's petition for review.

In 1996, Tejeda-Acosta entered the United States as a non-immigrant.  In

2007, he married a United States citizen, and she petitioned on his behalf for an

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

immigrant visa based on their marriage. In February 2008, Tejeda-Acosta became a lawful permanent resident by adjustment of status. His resident status was conditional, however, because he and his wife had not been married for two years at the time the petition was filed.

In July 2008, Tejeda-Acosta was charged in Arkansas state court with kidnapping, aggravated assault with a firearm, and residential burglary.[1] On December 6, 2010, he pled guilty to a reduced charge of false imprisonment in the first degree, and to the original charge of aggravated assault with a firearm, both felonies under Arkansas law. Ark. Code Ann. § 5-11-103; *id.* § 5-13-204.

Meanwhile, in February 2010, Tejeda-Acosta and his wife had filed an I-751 joint petition to remove the conditions on his resident status. In the petition he checked "no" in response to whether he had "ever been arrested, detained, charged . . . or imprisoned for breaking or violating any law or ordinance . . . ." Admin. R. at 128.

The Department of Homeland Security instituted removal proceedings. The Immigration Judge (IJ) found Tejeda-Acosta removable on two grounds (1) for his firearm conviction, and (2) for procuring his permanent resident status by willfully misrepresenting a material fact in the I-751 joint petition, 8 U.S.C. § 1182(a)(6)(C)(i)

---

[1] The firearm count charged that Tejeda-Acosta "did, under circumstances manifesting extreme indifference to the value of human life, display a firearm in such a manner creating a substantial danger of death or serious physical injury to William Ayala." Admin. R. at 136.

(stating alien is inadmissible if, by "willfully misrepresenting a material fact, [he] seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other [immigration] benefit"). The first ground made him removable under 8 U.S.C. § 1227(a)(2)(C) (stating alien convicted of certain firearms offenses is removable). The second ground made him removable under 8 U.S.C. § 1227(a)(1)(A) (stating "alien who at the time of entry or adjustment of status was within one or more classes of aliens inadmissible by the law existing at such time" is removable). As to the second ground, the IJ noted Tejeda-Acosta signed the I-751 under penalty of perjury, certifying the contents were true and correct. The IJ also denied Tejeda-Acosta's request to continue his case so he could collaterally challenge his state court firearm conviction based on *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010), which held that for a non-citizen defendant, the Sixth Amendment right to effective assistance of counsel includes the right to be advised of the risk of removal resulting from a guilty plea. The IJ held Tejeda-Acosta's request was contrary to well-established precedent stating that the pursuit of post-conviction relief in state court does not impact the finality of a conviction for immigration purposes—unless and until the conviction is overturned. The IJ also observed: "[i]t is not good cause to continue a case for a fourth time to allow a respondent to pursue a post-conviction challenge which may or may not occur, which has not yet [in this case] even been filed." Admin. R. at 63. The IJ ordered Tejeda-Acosta be removed from the United States.

- 3 -

Tejeda-Acosta appealed the IJ's decision to the BIA, arguing that the IJ should have, based upon the holding in *Padilla*, continued the removal proceedings until his state court challenge was resolved because he had shown good cause for a continuance under *Matter of Hashmi*, 24 I. & N. Dec. 785, 790-94 (BIA 2009). Tejeda-Acosta asserted the IJ "abused [his] discretion by failing to evaluate Respondent's position that he qualified for post-conviction relief, or to evaluate what effect it would have on Respondent's charges and the relief available to him." Admin. R. at 14. In a related vein, Tejeda-Acosta claimed his firearm conviction was "constitutionally suspect" and the conclusion that he was removable on that basis was an abuse of discretion. *Id.* at 15.[2] Finally, he asserted the IJ abused his discretion by finding Tejeda-Acosta removable for making a willful, material misrepresentation on his I-751, without permitting him to refute the charge.

The BIA denied Tejeda-Acosta relief and dismissed his appeal. Like the IJ, the BIA determined Tejeda-Acosta's firearm conviction supported his removal, explaining that *Padilla's* holding did not change the finality of a respondent's conviction for immigration purposes. *See Vasiliu v. Holder*, 651 F.3d 1185, 1187 (10th Cir. 2011).[3] The BIA also held that the IJ's denial of the request for a

---

[2] Tejeda-Acosta did not, however, appear to challenge the IJ's determination that the firearm conviction, if valid, was grounds for removal.

[3] Because Tejeda-Acosta's removal was supported by his firearm conviction, the BIA did not reach the IJ's determination that Tejeda-Acosta was also subject to removal for having misrepresented a material fact in his I-751 joint petition to remove the conditions on his resident status.

continuance was appropriate because Tejeda-Acosta had failed to show the good cause required by 8 C.F.R. § 1003.29 and applicable precedent. As the BIA noted, at the time of Tejeda-Acosta's removal hearing he had a valid conviction rendering him removable and he had not filed a motion for post-conviction relief in state court. The BIA concluded: "the mere filing of a motion for post-conviction relief does not warrant an indefinite continuance of removal proceedings." Admin. R. at 5. *See, e.g.*, *United States v. Adame-Orozco*, 607 F.3d 647, 653 (10th Cir. 2010) (holding, as a matter of law, that the government need not await the outcome of state court proceedings attacking the underlying conviction before removing an alien).

Tejeda-Acosta petitions for review.

## DISCUSSION

We have limited power to review final orders of removal against aliens who are removable by reason of having committed certain criminal offenses, including Tejeda-Acosta's firearm conviction. 8 U.S.C. § 1252(a)(2)(C) (eliminating judicial review of removal orders against aliens removable by reason of having committed a criminal offense covered in § 1227(a)(2)(C)); *id.* § 1227(a)(2)(C) (conviction "under any law of . . . using, owning, possessing, or carrying . . . any weapon, part, or accessory which is a firearm" renders noncitizen removable). This court has jurisdiction to review such removal orders only to the extent a petition for review raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

Tejeda-Acosta argues that the IJ and BIA erred in denying him a continuance of his immigration proceedings to pursue a collateral attack on his firearm conviction in state court. While his counseled petition for review is not a model of clarity, Tejeda-Acosta appears to assert that his circumstances justified a continuance, Pet'r Br. at 11-19, and that its denial violated his "constitutional due process" rights, *id.* at 22.[4] Although Tejeda-Acosta attempts to characterize his argument as a denial of due process, the true nature of the challenge "is to the way the IJ and BIA exercised their discretion" in denying his request for a continuance. *Waugh v. Holder*, 642 F.3d 1279, 1285 (10th Cir. 2011). "This challenge raises neither a constitutional nor a legal issue, so we are without jurisdiction to review it." *Id.* (citing 8 U.S.C. § 1252(a)(2)(C), (D)).[5]

---

[4] Tejeda-Acosta also challenges the IJ's conclusion that he is removable for procuring his permanent resident status by willfully misrepresenting a material fact in the I-751 joint petition. He argues that he could have applied for a waiver of removal by showing that his wife prepared the I-751. Because we do not have jurisdiction to consider the petition for review, we need not reach this issue.

[5] In *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297-98 (10th Cir. 2011), we reached the merits of the denial of a continuance even though Jimenez-Guzman, like the petitioner in *Waugh*, 642 F.3d 1279, fell within the limitation on judicial review set forth in § 1252(a)(2)(C) and (D). However, *Jimenez-Guzman* does not mention or discuss the jurisdictional bar of § 1252(a)(2)(C) or whether the exception for constitutional or legal issues in subsection (D) applies to confer jurisdiction; therefore, *Jimenez-Guzman* carries no authoritative weight on either of these points. *See Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) ("[T]he existence of unaddressed jurisdictional defects has no precedential effect"); *HealthTrio, Inc. v. Centennial River Corp. (In re HealthTrio, Inc.)*, 653 F.3d 1154, 1162 n.8 (10th Cir. 2011) (collecting cases holding that lack of analysis of or actual decision on a jurisdictional issue precludes stare decisis effect on the jurisdictional point). In other words, because *Jimenez-Guzman* does not address, consider, analyze, or decide the question

(continued)

The petition for review is dismissed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

---

of jurisdiction under § 1252(a)(2)(C) and (D), it should not be read to imply that jurisdiction exists under those subsections. More specifically, it should not be read to hold, contrary to *Waugh*, 642 F.3d at 1285, that the challenge to the denial of a continuance raises a constitutional or legal issue. To the extent *Jimenez-Guzman* could be read to imply that jurisdiction exists, "earlier, settled precedent" (*Waugh*) should be followed "over a subsequent deviation therefrom." *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996) (observing that "when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom.").