12-894
Heredia v. Holder

BIA
Ferris, IJ
A074 194 050

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand thirteen.

PRESENT:
>JOHN M. WALKER, JR.,
>ROBERT D. SACK,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

MIGUEL ANGEL HEREDIA, AKA MIGUEL HEREDIA, AKA ANGEL HEREDIA, AKA MIGUEL HEREIDA, AKA MIGUEL A. HEREIDA,
>*Petitioner,*

>v.                                    12-894

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        George A. Terezakis, Mineola, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Stephen J. Flynn,

**Assistant Director; Lynda A. Do, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Miguel Angel Heredia, a native and citizen of the Dominican Republic, seeks review of the February 6, 2012, decision of the BIA affirming the October 21, 2011, decision of Immigration Judge ("IJ") Noel A. Ferris, denying Heredia's request for a continuance and ordering him removed. *In re Miguel Angel Heredia,* No. A074 194 050 (B.I.A. Feb. 6, 2012), *aff'g* No. A074 194 050 (Immig. Ct. N.Y. City Oct. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks omitted). Heredia challenges only the agency's denial of a continuance and we review that denial "under a highly deferential standard of abuse of

discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and we will find an abuse of discretion in denying a continuance only if the judge's decision "rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or [if the] decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551-52 (internal quotation marks, brackets, and citation omitted).

The IJ did not abuse her discretion in denying Heredia's request for a continuance. The IJ recognized that, under certain circumstances, a continuance might be warranted to pursue post-conviction relief, but she reasonably explained that Heredia had not established good cause for such a continuance because he had not filed a motion to vacate his conviction or submitted any evidence as to the merit of a challenge to his conviction. *See Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (concluding that an IJ does not abuse his or her discretion by denying a continuance sought to pursue relief that is "speculative at

3

best"). Furthermore, as the BIA noted, Heredia's conviction remained final for purposes of his removability. *See* 8 U.S.C. § 1101(a)(48)(A); *see also Waugh v. Holder*, 642 F.3d 1279, 1284 (10th Cir. 2011).

Moreover, although we have found it appropriate in certain circumstances to remand for the BIA to define the boundaries of an IJ's discretion to grant a continuance, remand is not warranted here. *See Rajah v. Mukasey*, 544 F.3d 449, 454-55 (2d Cir. 2008). Indeed, even if we were to remand for the BIA to establish a standard for granting continuances to pursue post-conviction relief under *Padilla v. Kentucky*, 559 U.S. 356 (2010), Heredia could not demonstrate that the IJ's decision constituted an abuse of discretion under any standard so established because he failed to submit evidence of a pending motion to vacate based on *Padilla.* *See Elbahja*, 505 F.3d at 129. We note that the U.S. Supreme Court's recent decision in *Chaidez v. United States*, holding that *Padilla* does not apply retroactively to convictions that were already final on direct review when *Padilla* was issued in 2010, may implicate whether the New York courts would apply *Padilla* in any post-conviction proceeding that Heredia might pursue. *See*

4

*Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 (1987) (discussing principles of retroactivity); *Danforth v. Minnesota*, 552 U.S. 264, 266, 282, 291 (2008). Similarly, because Heredia cannot establish that he was prejudiced by the IJ's denial of his request for a continuance, his due process claims are without merit. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (recognizing that an applicant must demonstrate that he was prejudiced to establish a due process violation).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
