FILED
United States Court of Appeals
Tenth Circuit

October 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SEMISI TOOFOHE TAUFU'I,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 14-9527
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Semisi Toofohe Taufu'i is a native and citizen of Tonga who was originally

admitted to the United States on a B-2 visitor visa. On December 8, 2006, after he

married a United States citizen, his status was adjusted to that of conditional resident.

His marriage ended in divorce on July 14, 2008. Effective December 8, 2008, the

Department of Homeland Security (DHS) terminated his conditional residence status

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because he had failed to adjust his status to permanent residency within two years, as required.

On February 4, 2011, Mr. Taufu'i was convicted in Utah state court of attempted possession with intent to distribute methamphetamine, a felony. The DHS issued him a Notice to Appear, charging him with being subject to removal because his conditional resident status had terminated and because he had been convicted of an aggravated felony. He admitted to the factual allegations and charges contained in the Notice to Appear.

During the ensuing removal proceedings, Mr. Taufu'i filed a "Petition to Remove Conditions on Residence" (form I-751), seeking to adjust his status to that of a permanent resident. He requested a hardship waiver under 8 U.S.C. § 1186a(c)(4) of the requirement that his petition be filed with his spouse, stating he "entered the marriage in good faith, but the marriage was terminated through divorce or annulment." Admin. R. at 83. He asked the immigration judge (IJ) to continue the proceedings to provide time for the United States Citizenship and Immigration Services to adjudicate his form I-751.[1] The IJ found no good cause for granting his request, denied the continuance, and ordered him removed to Tonga.

Mr. Taufu'i appealed to the Board of Immigration Appeals (BIA). He argued that the IJ should have granted him a continuance for adjudication of his I-751, even

---

[1] The IJ determined that he also sought the continuance to give him time to seek post-conviction relief from his felony conviction in state court, a position Mr. Taufu'i adamantly denied before the BIA. *See* Admin. R. at 14.

though he did not file the I-751 until after his conditional residency had terminated. The BIA upheld the IJ's decision, reasoning that "due to his convictions, [Mr. Taufu'i] did not demonstrate eligibility for adjustment of status," and thus "has not demonstrated good cause for a continuance." *Id.* at 3. Mr. Taufu'i then filed this petition for review, asserting that the IJ and the BIA erred in denying him a continuance.

At the outset, we must determine whether we have jurisdiction over the petition for review. Mr. Taufu'i admitted that he was subject to removal because he had committed an aggravated felony. Section 242(a)(2)(C) of the Immigration and Naturalization Act (INA) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). An exception is made to the extent that the alien's petition raises "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D).

Mr. Taufu'i argues that "[t]he Immigration Judge and the BIA erred as a matter of law and abused [their] discretion when denying [his] motion for a continuance." Pet'r's Opening Br. at 12. To the extent he challenges the denial of a continuance as an abuse of discretion, we plainly lack jurisdiction to review his argument. *See Waugh v. Holder*, 642 F.3d 1279, 1285 (10th Cir. 2011) (stating that aggravated felon alien's "objection . . . to the way the IJ and BIA exercised their

- 3 -

discretion" in denying continuance "raises neither a constitutional nor a legal issue, so we are without jurisdiction to review it.").

Nor has Mr. Taufu'i raised a constitutional issue that falls within the exception provided in § 1252(a)(2)(D). To obtain review of the BIA's denial of relief, he must present a "*substantial* constitutional issue" for our review. *Alvarez–Delmuro v. Ashcroft*, 360 F.3d 1254, 1256 (10th Cir. 2004) (internal quotation marks omitted). Although he contends in conclusory fashion that he was denied "a full and fair hearing due to the denial of a continuance," Pet'r's Opening Br. at 13, and suggests that the failure to grant a continuance robbed him of "one of the elements deemed essential to due process," *id.* at 17 (internal quotation marks omitted), these assertions fail to present a substantial constitutional issue, *see Waugh*, 642 F.3d at 1284 (rejecting petitioner's attempt to "frame [his] argument" for a continuance "as a denial of due process.").

Finally, Mr. Taufu'i has not raised a question of law for our review. The phrase "questions of law" in § 1252(a)(2)(D) does not refer to all legal issues, but only to "a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (internal quotation marks omitted). Mr. Taufu'i argues that the IJ and the BIA failed to follow the BIA's own precedent in *In re Stowers*, 22 I. & N. Dec. 605 (BIA 1999), which holds that "where an alien is prima facie eligible for a [hardship] waiver under section 216(c)(4) of the [Immigration and Nationality] Act [8 U.S.C. § 1186a(c)(4)] and wishes to have his or

her waiver application adjudicated by the Service, the proceedings should be continued in order to allow the Service to adjudicate the waiver application." *Id.* at 613-14. He further argues that the BIA erred under *Stowers* by requiring him to demonstrate prima facie eligibility for adjustment of status rather than prima facie eligibility for a 216(c)(4) waiver. These assertions raise questions concerning interpretation and application of the BIA's precedent, not issues regarding statutory construction. They therefore do not fall within the exception for "questions of law" in § 1252(a)(2)(D). *See Waugh*, 642 F.3d at 1284-85 (rejecting claim that BIA ignored its own precedents in denying a continuance because alien's argument in fact asserted that the IJ and BIA "should have found the circumstances warranted a continuation," a claim that raised neither a constitutional nor a legal issue).

The petition for review is dismissed for lack of jurisdiction.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge