FILED
United States Court of Appeals
Tenth Circuit

November 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ONG VUE,

     Petitioner,

v.

MATTHEW G. WHITAKER,
Acting United States Attorney General,[*]

     Respondent.

No. 18-9517
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Pro se petitioner Ong Vue, a native and citizen of Laos, seeks review of the decision of the Board of Immigration Appeals (BIA) denying his petition to reopen his removal proceedings. We dismiss the petition for review and deny Vue's pending motions.

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Matthew G. Whitaker is substituted for Jefferson B. Sessions, III, as the respondent in this action.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Vue entered the United States in 1985.  In 1998 he entered a plea of no contest in Oklahoma state court to one count of murder in the first degree and two counts of shooting with intent to kill.  He was sentenced to life in prison for the murder conviction and two 20-year terms for the shooting-with-intent-to-kill convictions.

In 1999, Vue was issued a Notice to Appear, charging him with removability pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony) and 1227(a)(2)(C) (alien convicted of a firearms offense).  On August 24, 1999, an IJ ordered Vue removed to Thailand or Laos.  Vue did not appeal.

Almost 18 years later, on July 13, 2017, Vue filed the underlying motion to reopen.  A different IJ denied the motion, concluding (1) the motion was time barred because it was filed more than 90 days after the initial removal order; (2) equitable tolling was not warranted because he did not show he diligently pursued his rights and he was prevented from timely filing by extraordinary circumstances; (3) his due process right to counsel in his first immigration hearing was not violated because the IJ provided an opportunity for him to obtain counsel, which he declined; (4) his claim of ineffective assistance of counsel in his Oklahoma state criminal proceedings did not affect the immigration proceedings unless and until his convictions were overturned, which they had not been; and (5) sua sponte reopening was not warranted because his situation was not truly exceptional.  The BIA dismissed Vue's appeal from the IJ's decision.

2

## II.    Discussion

"[O]ur jurisdiction to review an order of removal against an aggravated felon is significantly limited:  we may review the removal order only to the extent petitioner raises constitutional or legal challenges to the order." *Waugh v. Holder*, 642 F.3d 1279, 1281 (10th Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)(C), (D)). Because Vue is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

Vue argues for equitable tolling of the time limit to file a motion to reopen. To the extent he is challenging the BIA's refusal to sua sponte reopen, we lack jurisdiction to review the decision. *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270-71 (10th Cir. 2013) (holding court of appeals lacks jurisdiction to review BIA's discretionary decision that alien's situation did not warrant sua sponte reopening of his removal proceedings). To the extent he is challenging the BIA's discretionary decision not to permit him to file a late motion to reopen, we also lack jurisdiction to review the decision. *See Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1115 (10th Cir. 2012) ("[W]e do not have jurisdiction to review an exercise of discretion."); *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (indicating denial of a motion to reopen is a discretionary decision). Because we lack jurisdiction to review the BIA's decision

3

not to reopen his removal proceedings, we dismiss the petition for review without addressing Vue's remaining arguments for relief from removal.

## III.   Conclusion

The petition for review is dismissed, as are 1) his motion for a writ of habeas corpus or, in the alternative, appointment of counsel, 2) his motion to consolidate this appeal with another of his appeals (which is now moot),[1] and 3) his request to proceed on appeal *in forma pauperis* (IFP).  Leave to proceed on appeal without prepayment of fees is a privilege extended only to those who qualify for IFP status, *to wit*, impecunious circumstances and the presentation of non-frivolous issues.  *See Salgado-Toribio*, 713 F.3d at 1270 (denying IFP in immigration case under 28 U.S.C. § 1915(e)'s "frivolous or malicious" standard).  Since we have resolved his petition for review, prepayment of fees is no longer an issue.  The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment of fees is excused.  Accordingly, Vue is required to pay all fees ($505.00).  Payment is to be made to the Clerk of this Court.  *See* Fed. R. App. P. 15(e).

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[1] The companion case has already been decided. *Vue v. Henke*, No. 18-6101, 2018 WL 4026744 (10th Cir. 2018) (unpublished), *petition for cert. docketed*, (U.S. Oct. 23, 2018) (No. 18-6407).