**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NAWEEN KISHORE TAMSANG,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 19-9538
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Naween Kishore Tamsang, a native and citizen of Nepal appearing pro se, has filed a petition for review of a decision of the Board of Immigration Appeals (BIA) upholding an Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). We dismiss the petition in part for lack of jurisdiction and deny the remainder of the petition by virtue of our jurisdiction under 8 U.S.C. § 1252(a)(1).

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. **Background**

Tamsang entered the United States on a temporary visa but remained in the country beyond his allotted time. He then pleaded guilty to one count of indecent exposure, third or subsequent offense, in violation of Colorado law.[1] Soon after, the Department of Homeland Security served him with a notice to appear in removal proceedings, charging him with removability for overstaying his temporary visa, *see* 8 U.S.C. § 1227(a)(1)(B), and as an alien who had been convicted of a crime involving moral turpitude, *see id.* § 1227(a)(2)(A).

At his initial hearing before the IJ, Tamsang requested a continuance so he could find an attorney. The IJ granted his request. Tamsang next appeared before the IJ with counsel, who requested a continuance to prepare. The IJ granted that request, too. At the next hearing, Tamsang, through counsel, conceded removability as charged and filed an application for asylum and withholding of removal based on religion (Christian), political opinion, and membership in a particular social group. He also sought CAT relief. In support, he submitted a written declaration and a variety of documentary evidence. The IJ set the matter for a merits hearing.

After Tamsang's attorney withdrew due to a conflict of interest, Tamsang appeared at the merits hearing and requested a continuance to obtain counsel and additional supporting documents. The IJ granted the motion but explained there

---

[1] Tamsang was originally charged with internet luring of a child, internet sexual exploitation of a child, and criminal attempt to commit sexual assault on a child, all in violation of Colorado law.

would be no further delays and Tamsang should be ready for a merits hearing set for several weeks later, with or without counsel. The IJ also told Tamsang to submit any additional documentation before the hearing date.

Tamsang appeared at the rescheduled merits hearing and asked for another continuance. The government opposed the motion, and the IJ denied it, finding Tamsang had not shown good cause because the IJ had granted several continuances, had given Tamsang ample time to find an attorney, and had advised Tamsang this would be his final hearing.

The hearing proceeded, and Tamsang was the only witness who testified. The IJ found his testimony was not credible for several reasons, including his evasive responses and several significant inconsistencies and contradictions. The IJ also noted the lack of corroboration for alleged incidents involving Tamsang's wife and daughter. The IJ found there was no credible evidence to otherwise support Tamsang's claims for asylum, withholding of removal, or CAT relief. The IJ also found that a safe third-country agreement between Nepal and India, where Tamsang lived for sixteen years, barred his claim for asylum and that India provided an alternative place for him to live free from the harassment he allegedly experienced in Nepal.

In the alternative, the IJ denied asylum and withholding of removal because Tamsang had not established a nexus between the harm he allegedly experienced and a protected ground, or shown that the Nepal government was unable or unwilling to protect him. The IJ also found Tamsang ineligible for CAT relief because he had not

3

demonstrated he faced a likelihood of torture in Nepal or that the Nepal government would acquiesce in any harm he might experience.

Tamsang appealed pro se to the BIA, challenging the IJ's denial of his final motion for a continuance, the IJ's nexus finding, and the IJ's reliance on the safe third-country agreement between India and Nepal. He also submitted additional evidence (letters from his wife, daughter, and several friends), and explained that because he was detained, he was unable to obtain this evidence in time to submit it to the IJ.

In upholding the IJ's decision, the BIA rejected Tamsang's argument that the IJ's denial of his final motion for a continuance deprived him of due process. The BIA concluded that the IJ gave Tamsang an appropriate length of time to find an attorney, Tamsang had not shown he would have found counsel if the motion had been granted, and Tamsang had ample opportunity to testify. The BIA then explained that Tamsang had "not specifically challenged [the IJ's adverse credibility] finding on appeal and the issue is therefore waived . . . [nor] has [he] identified evidence to establish his claims to asylum or withholding of removal independently of his testimony." Admin. R. at 3. The BIA also observed that Tamsang failed to raise any specific argument regarding CAT relief. Because these findings were determinative of Tamsang's eligibility for asylum, withholding, and CAT relief, the BIA did not address the IJ's alternative bases for denying relief. The BIA determined that the new evidence Tamsang submitted did not warrant remand to the IJ because it was not likely to change the outcome.

4

## II. **Discussion**

In reviewing a BIA decision, "we decide purely legal questions *de novo*." *Ritonga v. Holder*, 633 F.3d 971, 974 (10th Cir. 2011). But "[a]gency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Sarr v. Gonzales*, 474 F.3d 783, 788-89 (10th Cir. 2007) (internal quotation marks omitted).

We begin by noting Tamsang has not challenged the IJ's denial of his final motion for a continuance or the BIA's refusal to remand the case for consideration of the new evidence he submitted. He has therefore waived review of those issues. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

In his petition, Tamsang raises a cursory challenge to the IJ's credibility finding. But he did not appeal that finding to the BIA, and we lack jurisdiction to consider the issue in the first instance. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1118-19 (10th Cir. 2007) (explaining that failure to present an issue to the BIA constitutes a failure to exhaust administrative remedies, which deprives this court of jurisdiction to review it). Tamsang also did not appeal the IJ's determination that there was no credible evidence independent of his testimony to support his claims for asylum, withholding of removal, or CAT relief. We therefore lack jurisdiction to consider the arguments Tamsang raises in his petition regarding the documentary

evidence that was before the IJ. *See id.*[2] Because these failures are dispositive of the IJ's primary ground for denying his requests for relief, we need not consider Tamsang's arguments regarding the IJ's alternative grounds (lack of nexus to a protected ground and Tamsang's ability to live in India).

Tamsang claims the BIA violated "fundamental fairness" by not taking "administrative notice of additional official documents that supported [his] asylum claim." Pet'r Br. at 4. The BIA, however, "does not create its own record but relies on testimony and evidence presented to the IJ." *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 985 (10th Cir. 2005). And Tamsang fails to identify any extra-record

---

[2] Even if we did not lack jurisdiction to consider this issue, Tamsang's arguments on it are meager. He makes conclusory statements about general conditions in Nepal with no citations to the record or any explanation of how he can meet his burden to establish his eligibility for any of the relief he requested independent of his testimony. And the only "document" he cites is the internet address for where the U.S. Department of State's reports on international religious freedom for 2017 reside. *See* Pet'r Br. at 4. Presumably, Tamsang would have us locate the report for Nepal (which, incidentally, is already part of the administrative record in this case, *see* Admin. R. at 300-11), and examine it for evidence to support his requests for relief. This we may not do. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record."). Accordingly, Tamsang's failure to develop a cogent argument supported by record citations waives our review. *See Becker*, 494 F.3d at 913 n.6; *see also Garrett*, 425 F.3d at 840-41 (noting that even pro se litigants must "follow the same rules of procedure that govern other litigants," including the requirement that an argument contain a litigant's "'contentions and the reasons for them, with citations to the authorities and parts of the record on which the [litigant] relies'" (quoting Fed. R. App. P. 28(a)(8)(A)).

documentation[3] let alone explain how any such documentation would have made a difference in the outcome of his removal proceeding. *See Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) ("To prevail on a due process claim, an alien must establish not only error, but prejudice.").

Finally, Tamsang contends his attorney in his Colorado criminal proceeding failed to warn him of the immigration consequences of his guilty plea. But he must raise any complaint about that attorney's constitutional ineffectiveness in state court, not in removal proceedings. *See Waugh v. Holder*, 642 F.3d 1279, 1283 (10th Cir. 2011) ("[N]either the IJ nor the BIA has authority to adjudicate the constitutionality of an underlying criminal conviction.").

## III. **Conclusion**

We dismiss the petition for review in part for lack of jurisdiction and otherwise deny the petition. We grant Tamsang's motion to proceed on appeal without prepayment of fees or costs, but remind him of his obligation to pay the full amount of the filing fee, *see* 28 U.S.C. § 1915(a) (excusing only *prepayment* of appellate fees).

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] In support of this argument, Tamsang refers only to the internet address discussed in footnote 2, *supra*, where we explained that the 2017 State Department report on religious freedom in Nepal is already part of the administrative record.