**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALFONSO JIMENEZ-GUZMAN,

Petitioner,

v.                                                                No. 10-9549

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

---

**PETITION FOR REVIEW OF A DECISION FROM**
**THE BOARD OF IMMIGRATION APPEALS**

---

Submitted on the briefs:[*]

Christine M. Hernandez, Hernandez & Associates, P.C., Denver, Colorado, for
Petitioner.

Stephen J. Flynn, Assistant Director, Lynda A. Do, Attorney, Office of
Immigration Litigation, Civil Division, United States Department of Justice,
Washington, D.C., for Respondent

---

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

**McKAY**, Circuit Judge.

Alfonso Jimenez-Guzman, a Mexican citizen, seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA). He argues that the agency erred in denying his request for a continuance and in applying an incorrect legal standard to the evidence of his controlled-substance conviction. The Attorney General asserts that this court lacks jurisdiction over a challenge to the denial of a continuance. We conclude that we have jurisdiction under 8 U.S.C. § 1252, consider Mr. Jimenez-Guzman's claims, and deny the petition for review.

**I.**

Mr. Jimenez-Guzman was admitted into the United States in January 2000 as a lawful permanent resident. In 2009, the Department of Homeland Security (DHS) issued a notice to appear, charging that he was subject to removal from the United States due to a 2002 Colorado conviction for "the offense Felony Controlled Subs-Conspir Possession - Schedule I, to wit: Heroin." Admin. R. at 26. At an initial hearing before an Immigration Judge (IJ), Mr. Jimenez-Guzman's counsel admitted that he was removable as charged and expressed his intent to apply for cancellation of removal. Counsel then withdrew from the case.

The IJ granted two continuances to allow Mr. Jimenez-Guzman to obtain a new attorney. When his present counsel entered an appearance, she asked for and received a continuance based on state court efforts to set aside his guilty plea to the heroin offense. The state court argument was that Mr. Jimenez-Guzman's

criminal-defense attorney had provided ineffective assistance of counsel by failing to advise him that he would be deported upon conviction. The IJ granted additional continuances at Mr. Jimenez-Guzman's request while the matter was pending in the state trial court.

At a final hearing, held April 7, 2010, Mr. Jimenez-Guzman's attorney advised the IJ that the state trial court had denied the motion to withdraw the plea. She asserted, however, that an additional continuance would allow Mr. Jimenez-Guzman to file an appeal in the Colorado Court of Appeals, based on the recently announced case of *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-84 (2010) (holding that, under certain circumstances, an attorney's failure to advise a non-citizen defendant of the immigration consequences of pleading guilty can constitute ineffective assistance of counsel). She also stated that Mr. Jimenez-Guzman wished to apply for cancellation of removal.

The IJ commented on the length of time the case had been pending and proceeded to a decision. Relying on the previous admission of removability and the conviction record submitted by the government, the IJ found that Mr. Jimenez-Guzman was removable because he had been convicted of possession of heroin in Colorado state court. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (providing for the deportability of aliens convicted "of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance," as identified in 21 U.S.C. § 802). The IJ also determined that

Mr. Jimenez-Guzman was "barred from cancellation of removal because the commission of the offense cut off his eligibility under the statute." Admin. R. at 102.

Mr. Jimenez-Guzman appealed to the BIA, arguing that his immigration case should have been continued while he pursued a Colorado appeal and that the controlled substance crime was ambiguously identified in his conviction record. In a single-member decision, the BIA rejected both arguments and dismissed the appeal.

On the first issue, the BIA noted that a regulation, 8 C.F.R. § 1003.29, provides that the IJ has discretion to grant a motion for continuance upon a showing of good cause. But it also observed that the state trial court had ruled against Mr. Jimenez-Guzman's attempt to vacate his plea and that the conviction record "reflect[ed] that [he] acknowledged, in writing, the fact that his guilty plea to the controlled substance charge will cause deportation, exclusion from admission to the United States, or denial of naturalization of other immigration consequences." Admin. R. at 4 (internal quotation marks omitted). The BIA therefore concluded that Mr. Jimenez-Guzman's motion for a continuance was not supported by good cause.

In considering Mr. Jimenez-Guzman's second argument, the BIA evaluated the series of documents submitted as the conviction record: the signed plea agreement, a complaint, an amendment to the complaint, and a sentencing order.

The BIA found that these documents clearly established that Mr. Jimenez-Guzman's conviction of possession of a controlled substance "related to heroin, a substance listed under the federal Controlled Substances Act at 21 U.S.C. § 812(c)." Admin. R. at 5. As a result, the BIA decided Mr. Jimenez-Guzman was removable as charged.

## II.

We review the BIA's conclusions of law de novo and findings of fact for substantial evidence. *See Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). "Because a single member of the BIA decided [the] appeal and issued a brief opinion, we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted). But we may consider the IJ's decision for a further explanation of the grounds for the agency's decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

### A. Denial of Motion for Continuance

As a threshold matter, we must address the Attorney General's assertion that this court lacks jurisdiction to review the denial of Mr. Jimenez-Guzman's request for a continuance.[1] In *Yerkovich v. Ashcroft*, 381 F.3d 990, 995 (10th Cir. 2004),

---

[1]    We note that Mr. Jimenez-Guzman's opening brief did not mention the continuance issue, but the Attorney General raised it in his response brief. Resp.

(continued...)

this court decided "that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of the IJ's discretionary decision denying petitioner's motion for a continuance." The Supreme Court, however, recently held that decisions made discretionary by regulation do not come within that statutory bar and are reviewable. *See Kucana v. Holder*, 130 S. Ct. 827, 831 (2010). *Kucana* makes it "clear that an immigration court's denial of an alien's request for a continuance is reviewable." *Vahora v. Holder*, 626 F.3d 907, 915 (7th Cir. 2010); *see also Kwak v. Holder*, 607 F.3d 1140, 1143 (6th Cir. 2010) (stating that the denial of a motion for a continuance is subject to judicial review because the IJ's discretion derives from a regulation, not a statute); *Thimran v. Holder*, 599 F.3d 841, 844-45 (8th Cir. 2010) (holding that *Kucana* compelled the conclusion that appellate courts have jurisdiction to review denials of motions for a continuance); *Juarez v. Holder*, 599 F.3d 560, 562 (7th Cir. 2010) (finding that *Kucana* foreclosed the government's argument that § 1252(a)(2)(B)(i) precludes review of motions for a continuance by a federal appellate court).

Because the IJ's discretion in deciding a motion for a continuance arises from a regulation, *see* 8 C.F.R. § 1003.29, we have jurisdiction to review the BIA's

---

[1](...continued)
Br. at 19-20, and Mr. Jimenez-Guzman's reply brief discussed it, Reply Br. at 9, 17-18. "[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768, n.7 (10th Cir. 2009). Because both parties' positions are set forth in their written submissions, we nevertheless address the issue.

decision to deny Mr. Jimenez-Guzman's motion. And we review that decision for an abuse of discretion. *Bauge v. INS*, 7 F.3d 1540, 1543 (10th Cir. 1993). Only if the decision "was made without a rational[] explanation, inexplicably departed from established policies, or rested on an impermissible basis," will we grant the petition for review. *Nunez-Pena v. INS*, 956 F.2d 223, 226 (10th Cir. 1992); *Kwak*, 607 F.3d at 1143-44.

The denial of Mr. Jimenez-Guzman's final continuance motion was eminently rational. Pending post-conviction motions or other collateral attacks do not negate the finality of a conviction for immigration purposes unless and until the conviction is overturned. *See Paredes v. Att'y Gen.*, 528 F.3d 196, 198-99 (3d Cir. 2008) (adopting the reasoning of "sister circuits" and holding that the pendency of collateral proceedings "does not vitiate finality"); *see also United States v. Adame-Orozco*, 607 F.3d 647, 655 (10th Cir. 2010) (stating that a criminal defendant "was not improperly deprived of the opportunity for judicial review of his federal deportation order . . . simply because the IJ and BIA declined to stay his deportation until he could complete a collateral attack on his state court . . . convictions."); *United States v. Saenz-Gomez*, 472 F.3d 791, 794 (10th Cir. 2007) (holding that, under 8 U.S.C. § 1326(b)(2), alien's conviction was final for sentence-enhancement purposes).

And as the agency explained, the IJ had already continued the removal hearing several times while Mr. Jimenez-Guzman awaited the state trial court's

disposition of his post-conviction motion.  Moreover, the record (specifically the plea agreement) belies any claim of ineffective assistance of counsel for failure to advise of the immigration consequences of the plea.  Certainly, there was no abuse of discretion in the denial of Mr. Jimenez-Guzman's motion for a continuance.

## B.  Finding of Removability

Mr. Jimenez-Guzman argues that ambiguities and inconsistencies in the record dictate the legal conclusion that the government failed to submit "clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true," *Woodby v. INS*, 385 U.S. 276, 286 (1966).  On judicial review of this argument, we are "generally limited to ascertaining whether the evidence relied upon by the [agency] was of sufficient quality and substantiality to support the rationality of the judgment."  *Id.* at 282.  "In other words," the court "does not ask itself whether it believes that the evidence" establishes removability by clear and convincing evidence, but rather whether the agency's "judgment is supported by substantial evidence."  *Id.*

The DHS initially has the burden to prove removability by clear and convincing evidence, but when an alien concedes removability, "the government's burden in this regard is satisfied."  *Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) (quotation marks omitted).  *See also* 8 C.F.R. § 1240.10(c) (stating that "[i]f the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or

fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent.") Standing alone, Mr. Jimenez-Guzman's express concession that he had been convicted of the drug crime charged in the notice to appear was sufficient to establish his removability.

Brushing aside his admission because the BIA's decision did not rely upon it, Mr. Jimenez-Guzman argues that the government did not provide clear and convincing evidence that he was convicted of precisely the offense named in the notice to appear. For instance, documentary discrepancies raise the question of whether he was convicted of possession of heroin or *conspiracy* to possess heroin. As the BIA stated, however, the record of conviction plainly shows that "[a]ll of the alternatives" suggested by the documentary evidence "lead to removability on the charge brought by DHS, once heroin is understood as the substance in question." Admin. R. at 5, n.1.

Taken as a whole, the conviction record provides "clear, unequivocal, and convincing evidence that the facts alleged as grounds of removability are true:" that is, Mr. Jimenez-Guzman's "criminal conviction was for possession of a substance that is not only listed under [state] law, but also contained in the federal schedules of [the Controlled Substances Act]." *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076, 1078 (9th Cir. 2007) (internal quotation marks and brackets omitted). Mr. Jimenez-Guzman has provided no persuasive case law to support his

contention that the DHS's notice to appear must be in letter-perfect alignment with the state criminal documents.[2]

Reviewing for substantial evidence, we determine that the government met its affirmative burden to establish through clear, unequivocal, and convincing evidence that Mr. Jimenez-Guzman was removable based on his conviction of a crime relating to heroin, a federally controlled substance. Accordingly, the BIA committed no error in dismissing his appeal.

## III.

The petition for review is DENIED. The Attorney General's motion to dismiss for lack of jurisdiction is DENIED.

---

[2]     To the extent Mr. Jimenez-Guzman is arguing that the BIA is required to make an explicit statement that its review is for clear, unequivocal, and convincing evidence of removability, we note that he failed to make this argument to the agency and is therefore barred from raising it in his petition for review. *See Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) ("[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review."). Moreover, Mr. Jimenez-Guzman's formalistic notion is at odds with the standards this court applies in reviewing a BIA decision. *See Ritonga v. Holder,* 633 F.3d 971, 975 (10th Cir. 2011) ("What is required is merely that the BIA consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.") (internal quotation marks and brackets omitted).