**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEAN PAUL HERNANDEZ,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 11-9526
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

Jean Paul Hernandez, a native and citizen of Mexico, challenges a Board of

Immigration Appeals ("BIA") decision affirming an immigration judge's ("IJ")

denial of adjustment of status and a waiver of inadmissibility. We lack

jurisdiction to review these discretionary rulings, and accordingly dismiss

Mr. Hernandez's petition for review.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Hernandez entered the United States on a B-2 visitor visa and overstayed his visit. Nearly twenty years later, the Department of Homeland Security charged him with remaining in this country without authorization. Mr. Hernandez conceded he was removable, but he sought several forms of relief, including adjustment of status under 8 U.S.C. § 1255(a).[1] At a hearing before an IJ, Mr. Hernandez testified that he came to this country when he was nine years old and had since been convicted of various crimes as a juvenile and adult, but was attempting to turn his life around. Due to his criminal convictions, however, in particular, two petty theft offenses and two controlled substance violations, the IJ concluded that Mr. Hernandez was ineligible for adjustment of status or a waiver of inadmissibility under 8 U.S.C. § 1182(h). Alternatively, the IJ ruled that even if Mr. Hernandez were eligible for adjustment of status, he did not warrant such discretionary relief because his extensive criminal record

---

[1] Mr. Hernandez also applied for cancellation of removal, 8 U.S.C. § 1229b(b), special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, Pub.L. No. 105-100, 111 Stat. 2160, 2195 (1997), and voluntary departure. Although Mr. Hernandez is proceeding pro se, none of his materials, liberally construed, advance any challenge to the denial of relief under these provisions. We deem any potential argument related to these matters waived. *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1190 (10th Cir. 2007) ("[A] party waives those arguments that its opening brief inadequately addresses.").

outweighed the positive attributes in his case, and there was no evidence of rehabilitation. The IJ thus ordered Mr. Hernandez removed to Mexico.

The BIA affirmed, although it pointed out two factual errors made by the IJ. First, the BIA noted that while Mr. Hernandez had been arrested for a second controlled substance violation, the record did not support the IJ's finding that Mr. Hernandez's arrest on that particular occasion resulted in a conviction so as to bar his eligibility for a waiver under § 1182(h). Second, the BIA rejected the IJ's finding that there was no evidence of rehabilitation, although the BIA concluded such evidence was "limited and of minimal probative value." Admin. R. at 5. Nevertheless, despite noting that Mr. Hernandez may have been eligible for adjustment of status, the BIA agreed with the IJ's conclusion that the adverse factors in Mr. Hernandez's case weighed against granting his requests for discretionary relief.

Mr. Hernandez now seeks judicial review of the BIA's decision.

II

Ordinarily, we review the agency's legal determinations de novo, and its factual findings for substantial evidence. *See Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1296-97 (10th Cir. 2011). Here, however, we confront a threshold jurisdictional problem. *See id.* at 1297 (reviewing jurisdictional issue first).

Mr. Hernandez challenges the denial of his applications for adjustment of status and a waiver of inadmissibility, which are both purely discretionary

-3-

decisions reserved to the Attorney General, *see* 8 U.S.C. § 1255(a) ("The status of an alien . . . may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . ." (emphasis added)); *id.* § 1182(h) (providing that "[t]he Attorney General may, *in his discretion*, waive the" statutory prohibition on certain classes of inadmissible aliens (emphasis added)); *see also Schroeck v. Gonzales*, 429 F.3d 947, 949 (10th Cir. 2005) (observing that adjustment of status and a waiver of inadmissibility "are matters ultimately left to the agency's discretion to decide"). The IJ determined that Mr. Hernandez was ineligible for relief, but also ruled, purely as a matter of discretion, that even if Mr. Hernandez were eligible, his circumstances did not warrant adjustment of status or a waiver of inadmissibility. Similarly, the BIA concluded that Mr. Hernandez may have been statutorily eligible for adjustment of status in conjunction with a waiver of inadmissibility, but he did not warrant a favorable exercise of discretion. We have no jurisdiction to review these discretionary denials of relief. 8 U.S.C. § 1252(a)(2)(B)(i).

Nevertheless, Mr. Hernandez attempts to avail himself of an exception to our jurisdictional bar: we retain jurisdiction over constitutional claims and questions of law raised upon a petition for review, *see id.* § 1252(a)(2)(D). Mr. Hernandez contends his due process rights were violated when the BIA proceeded to deny relief after finding him eligible for adjustment of status. He

-4-

says the proper course of action was to remand the case to the IJ for further factual findings, and the BIA's failure to do so required that it engage in impermissible fact-finding, which raises a constitutional claim within the scope of our jurisdiction. We are not persuaded.

Discretionary agency decisions may not be recast as constitutional claims or questions of law simply to invoke our jurisdiction under § 1252(a)(2)(D). *See Perales-Cumpean v. Gonzales*, 429 F.3d 977, 982 (10th Cir. 2005) (rejecting attempt to recast BIA's discretionary decision as a question of law). The BIA and IJ both determined, solely as a matter of discretion, that even if Mr. Hernandez were eligible for relief, he did not warrant adjustment of status or a waiver of inadmissibility on account of his lengthy criminal record. Mr. Hernandez characterizes his argument as one based on due process, but he cannot transform his challenge to the BIA's denial of discretionary relief into a claim of constitutional magnitude for the simple reason that he had no due process interest in obtaining purely discretionary relief. *See Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) ("[I]n immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief . . . ." (internal quotation marks omitted)).

Nor was there any legal error in the BIA's review of the IJ's factual findings. Although Mr. Hernandez correctly contends that 8 C.F.R. § 1003.1(d)(3)(i) prohibits the BIA from engaging in de novo review of an IJ's

factual findings, *see Kabba v. Mukasey*, 530 F.3d 1239, 1245 (10th Cir. 2008), that did not happen here. Instead, at Mr. Hernandez's urging, the BIA properly reviewed the IJ's findings for clear error, *see* 8 C.F.R. § 1003.1(d)(3)(i), and concluded there were two findings made by the IJ that were unsupported by the record: 1) a second conviction for possession of a controlled substance; and 2) a lack of evidence demonstrating rehabilitation. Notwithstanding these errors, however, the BIA agreed with the IJ's alternative, independent, and discretionary conclusion that Mr. Hernandez did not warrant adjustment of status or a waiver of inadmissibility under § 1182(h). Because we lack jurisdiction to review these decisions, we must dismiss Mr. Hernandez's petition.

Accordingly, the petition for review is DISMISSED. Mr. Hernandez's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge