**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARLOS ANDRES DIAZ MATEO,

Petitioner,

v.

ERIC H. HOLDER, JR.,

Respondent.

No. 11-9599
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Carlos Andres Diaz Mateo, a native and citizen of the Dominican Republic,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

upholding the immigration judge's ("IJ") denial of a motion for continuance.

Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The petition for review is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Diaz Mateo entered the United States in January 2003 as a lawful permanent resident. On July 3, 2009, the Department of Homeland Security ("DHS") issued him a Notice to Appear, charging him with removability due to an assault and battery conviction. Diaz Mateo retained counsel, who entered an appearance on his behalf in October 2009.

In the meantime, Diaz Mateo's assault and battery conviction was vacated. In May 2010, Diaz Mateo moved to terminate his immigration proceedings based on his vacated charge. DHS argued that the conviction was still valid for immigration purposes, and subsequently moved to file a motion to terminate the proceedings without prejudice. The IJ denied the motion.

In March 2011, Diaz Mateo was convicted of possession of marijuana. DHS amended the Notice to Appear to include a new charge of removability based on the drug offense under 8 U.S.C. § 1227(a)(2)(B)(i).

At a June 2, 2011 hearing, Diaz Mateo conceded removability, but declared he would seek cancellation of removal. The IJ set a June 24 deadline for filing his application for cancellation of removal, and scheduled a hearing on the application for July 11.

The day before the application was due, Diaz Mateo's counsel moved for a continuance. The IJ considered the motion at the July 11 merits hearing, where counsel stated that he had not filed an application because Diaz Mateo and his family

had not provided needed documents or paid filing and attorney's fees, and had stopped taking telephone calls from counsel. Counsel informed the IJ that Diaz Mateo's family had attempted to hire a new attorney to replace him, and asked the IJ for a continuance so that Diaz Mateo could retain this new counsel.

The IJ denied the continuance and ordered Diaz Mateo removed to the Dominican Republic, reasoning that: (1) counsel had first entered an appearance twenty-one months before the July 11 hearing; (2) there had been ten scheduled master calendar hearings at which Diaz Mateo and counsel had appeared; (3) the July 11 hearing had been scheduled on June 2; (4) the application was due on June 24; (5) Diaz Mateo presented no application on that date or at the July 11 hearing; (6) counsel stated that Diaz Mateo's family had failed to pay him or return his telephone calls; and (7) Diaz Mateo had ample time to decide who would represent him and to file his application.

The BIA dismissed Diaz Mateo's appeal, concluding the IJ correctly denied a continuance. It determined that the denial did not violate Diaz Mateo's statutory right to counsel under 8 U.S.C. § 1362. Additionally, it held that Diaz Mateo's failure to file an application for cancellation of removal was due to his failure to cooperate with existing counsel. Although Diaz Mateo was represented by different counsel before the BIA, the BIA noted that Diaz Mateo still had not submitted an application for cancellation of removal. Lastly, the BIA found Diaz Mateo had failed to establish a due process violation.

-3-

**II**

Diaz Mateo first challenges the IJ's denial of a continuance. An IJ may grant a continuance upon a showing of good cause. 8 C.F.R. § 1003.29. We review the denial of a continuance for an abuse of discretion. Jimenez-Guzman v. Holder, 642 F.3d 1294, 1297 (10th Cir. 2011). "Only if the decision was made without a rational explanation, inexplicably departed from established polices, or rested on an impermissible basis will we grant the petition for review." Id. (quotation marks and alterations omitted).

Diaz Mateo has not established that the IJ abused its discretion in denying the continuance. He does not dispute that ten master calendar hearings were held before the IJ denied his request and issued the removal order. Nor does he dispute that he had been represented by counsel since October 2009, giving him nearly two years to prepare his case with his attorney or find another attorney. Diaz Mateo therefore fails to show that the IJ abused its discretion in denying his request for a continuance.

**III**

Diaz Mateo also argues that his due process rights were violated when the IJ denied the continuance. He maintains that the IJ precluded him from choosing who would represent him, thereby violating his due process rights.

Diaz Mateo had a statutory right to representation by counsel of his choice at his own expense at the agency proceedings. See 8 U.S.C. §§ 1362, 1229a(b)(4)(A); see also 8 C.F.R. § 1003.16(b). His right was not violated, however, because he was

represented throughout the proceeding by counsel that he had previously chosen. Diaz Mateo had sufficient time to obtain substitute counsel if he was displeased with his current counsel, and to file an application for cancellation of removal.

Additionally, a noncitizen lacks a due process interest in obtaining purely discretionary relief, including cancellation of removal. Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009). And Diaz Mateo has not made any claim of prejudice that would suggest that the proceedings were unfair. See Michelson v. INS, 897 F.2d 465, 468 (10th Cir. 1990) ("The [F]ifth [A]mendment guarantee of due process speaks to fundamental fairness; before we may intervene based upon a lack of representation, petitioner must demonstrate prejudice which implicates the fundamental fairness of the proceeding."). Therefore, Diaz Mateo has failed to establish that the IJ's denial of the continuance denied him due process.[1]

## IV

For the foregoing reasons, the petition for review is **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Diaz Mateo also argues that he was denied an opportunity to seek readjustment of status. But he never requested an adjustment of status before the agency; therefore, we do not consider the argument on appeal.