FILED
United States Court of Appeals
Tenth Circuit

June 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SALVADOR REYES-GARCIA,
a/k/a Salvador Reyes,

Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

Respondent.

No. 14-9589
(Petition for Review)

## ORDER AND JUDGMENT[**]

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

This appeal involves the government's removal of Mr. Salvador

Reyes-Garcia, a Mexican citizen. During the removal proceedings,

Mr. Reyes-Garcia tried to obtain an adjustment in status. One obstacle was

that he was in the country illegally, making him inadmissible. To overcome

---

[*] Ms. Loretta Lynch is substituted as the respondent. Fed. R. App. P. 43(c)(2).

[**] The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

this problem, he had to obtain a waiver of inadmissibility. To seek a waiver of inadmissibility, however, Mr. Reyes-Garcia needed more time. Thus, he requested a continuance. The agency declined to order a continuance, noting that Mr. Reyes-Garcia had already obtained multiple continuances. He has filed a petition for review. In deciding whether to grant the petition, we ask: Did the agency abuse its discretion by denying a continuance to Mr. Reyes-Garcia? We conclude that the agency did not abuse its discretion. Accordingly, we deny the petition for review.

## I.     The Setting for Mr. Reyes-Garcia's Request for a Continuance

Mr. Reyes-Garcia entered the United States in about 1993. Almost twenty years later, the government began removal proceedings on the ground that Mr. Reyes-Garcia had entered the country without authorization. He admitted that he was a Mexican citizen, but sought adjustment in status on the ground that he had married a U.S. citizen.

To obtain an adjustment in status, Mr. Reyes-Garcia faced a problem: Adjustment in status is generally limited to aliens who are considered "admissible." *See* 8 U.S.C. § 1255(a). And Mr. Reyes-Garcia was considered "inadmissible." *Id.* § 1182(a)(9)(B)(i)(II). To overcome this obstacle, Mr. Reyes-Garcia needed to change his status from "inadmissible" to "admissible." Thus, he needed a waiver of inadmissibility. *See id.* § 1182(a)(9)(B)(v).

To obtain a waiver of inadmissibility, Mr. Reyes-Garcia faced another problem: He would ordinarily have to wait until after removal to learn whether the government would grant the waiver of inadmissibility. To avoid this dilemma, Mr. Reyes-Garcia requested a continuance, which would have allowed him to remain in the country while waiting to find out if he could obtain the waiver of inadmissibility. *See* 8 C.F.R. § 212.7(e).

## II.    The Decision to Disallow a Continuance

The agency declined the request for a continuance, and Mr. Reyes-Garcia claims that this decision constituted error. We disagree.

The agency could grant a continuance upon a showing of good cause. 8 C.F.R. § 1003.29. In the agency's view, Mr. Reyes-Garcia's showing was insufficient to warrant further delay.

In reviewing that decision, we engage in limited review, asking only whether the agency abused its discretion. *See Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011). The agency abused its discretion only if it acted without any rational explanation, inexplicably deviated from established policies, or relied on an impermissible rationale. *Id*.

We conclude that the agency acted within its discretion. The immigration judge reasoned that

- Mr. Reyes-Garcia was not eligible at the time for an adjustment in status,

- he would not likely be able to obtain an adjustment in status, and

- the agency had already allowed multiple continuances.

There is nothing irrational or impermissible about this rationale.

The immigration judge was correct in determining that Mr. Reyes-Garcia was ineligible at the time for an adjustment in status. To obtain this adjustment, he had filed a I-130 petition, which remained pending.  He wanted to file a Form I-601A application for a waiver of inadmissibility, which would have required an approved I-130 petition. Mr. Reyes-Garcia did not have an approved I-130 petition, and he could not obtain a Form I-601A waiver of inadmissibility as long as the removal proceedings remained open. But if the removal proceedings were to be continued while Mr. Reyes-Garcia waited for approval of the I-130 petition, the delay could have been substantial. And by the time this issue arose, the immigration judge had already granted three continuances to Mr. Reyes-Garcia, giving him roughly eleven extra months. In these circumstances, the immigration judge had the discretion to decline further delay. *See Luevano v. Holder*, 660 F.3d 1207, 1215 (10th Cir. 2011) ("[T]here is no agency or court precedent for requiring an [immigration judge] to grant an indefinite continuance so that a petitioner may remain in this country while awaiting eligibility for adjustment of status."). As a result, we conclude that the agency did not abuse its discretion in denying a continuance.

- 4 -

## III. Due Process

Mr. Reyes-Garcia also suggests that his hearing was inadequate. We reject this suggestion. He had a right to procedural due process. *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009). But the immigration judge and Board of Immigration Appeals gave Mr. Reyes-Garcia an opportunity to present his arguments and ultimately explained why they were rejecting these arguments. There was no denial of procedural due process.

## IV. Other Possible Claims

It is unclear whether Mr. Reyes-Garcia's counsel is making other claims. He has made various references to possible claims involving

- the *Ex Post Facto* Clause (Opening Br. at 15),

- failure to disclose evidence supporting the governmental allegation of a sham marriage (*id.* at 17),

- denial of equal protection (*id.* at 18),

- cruel and unusual punishment (*id.* at 20, 32-33),

- failure to develop the record (*id.* at 26-28), and

- failure to provide a complete record (*id.* at 28).

But he has failed to explain any of these references. As a result, we have confined our analysis to Mr. Reyes-Garcia's claims involving the denial of a continuance and deprivation of procedural due process.

- 5 -

## V.    Disposition

We deny the petition for review.

## VI.    In Forma Pauperis

Mr. Reyes-Garcia requests leave to proceed in forma pauperis. This request is granted.

Entered for the Court


Robert E. Bacharach
Circuit Judge