FILED
United States Court of Appeals
Tenth Circuit

October 8, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAGOBERTO MARRUFO-MORALES,

Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

Respondent.

Nos. 14-9587 & 15-9512
(Petitions for Review)

**ORDER AND JUDGMENT**[**]

Before **HARTZ**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.

Dagoberto Marrufo-Morales appeared at a hearing before an immigration

judge (IJ) unprepared to present evidence supporting his application for cancellation

of removal. After the IJ denied his request for a continuance, he accepted the IJ's

offer of voluntary departure. The Board of Immigration Appeals (BIA) affirmed the

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent
in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

IJ's decision and denied Marrufo's subsequent motion to reopen. Marrufo petitions

for review of the BIA's decisions. Exercising jurisdiction under 8 U.S.C. § 1252(a),

we dismiss in part and deny in part the petition for review in appeal number 14-9587.

We deny the petition for review in appeal number 15-9152.

## I.      Background

### A.      IJ's Decision

The Department of Homeland Security served Marrufo, a native and citizen of

Mexico, with a notice to appear (NTA) in March 2007. He admitted the allegations

in the NTA and conceded removability. While his case remained pending for over

six years, with multiple hearings and continuances, Marrufo failed to cooperate with

two different counsel, both of whom eventually moved to withdraw. The IJ

repeatedly warned Marrufo that his failure to submit evidence to support his

application for cancellation of removal under 8 U.S.C. § 1229b(b)(1) would result in

the IJ issuing a removal order.

Marrufo appeared at a hearing on June 12, 2013, with his newly-retained third

counsel, who asked the IJ for a continuance. Although the government did not

object, the IJ refused to grant Marrufo another continuance. The IJ noted that the

case had been pending for six years and stated (inaccurately) that it had been

continued twelve times. Yet Marrufo still had not submitted any evidence supporting

his cancellation application.[1] The IJ told Marrufo that he could either go forward with the hearing at that time, the result of which would be a removal order based on his lack of evidence supporting cancellation of removal, or alternatively, the IJ would grant him voluntary departure.

Marrufo initially decided to proceed with the hearing and he was sworn in to testify. But his counsel soon concluded that he was not ready to go forward on Marrufo's cancellation application. Consequently, in the absence of a continuance, Marrufo opted for voluntary departure and reserved his right to appeal.

Regarding the denial of a continuance, the IJ stated the following in his oral ruling:

> [T]he motion is denied. The respondent has had 12 continuances. The Court feels that he's had sufficient amount time to get ready. The first appearance before the Court was on 3/14 of 2007. This matter has been set for a merits hearing on four occasions. He's had [two previous counsel]. The Court's familiar with both of those individuals and both of them are excellent attorneys and are prepared quite well and are ready to go forward on cases. This respondent hasn't, hasn't cooperated with them. It's unfortunate because they are very capable attorneys who would have done a good job for him, so the Court feels that he's had sufficient amount of time to prepare. That he hasn't done so on his own because he hasn't wanted to, so the Court is going to go ahead and give him the voluntary departure for 60 days.

Admin. R. (filed in appeal no. 15-9512) at 417-18.

---

[1] During the hearing, the IJ observed there was no evidence of Marrufo's ten years' continuous physical presence, his good moral character, his qualifying relatives, or any exceptional and extremely unusual hardship they would suffer upon his removal. *See* 8 U.S.C. § § 1229b(b)(1)(A)-(D) (listing requirements for cancellation of removal).

- 3 -

### B. BIA Appeal

Marrufo appealed to the BIA. He argued that the IJ violated his right to procedural due process by rescheduling the final hearing, thereby leaving him only 30 days to prepare; by permitting his second counsel to withdraw only days before that hearing; by denying his third counsel's motion for a continuance; and by forcing Marrufo to proceed with the final hearing without adequate time to prepare. The BIA affirmed the IJ's decision, finding that Marrufo did not establish good cause for a continuance. The BIA also rejected his due-process claim, concluding that he failed to show any prejudice from the IJ's denial of a continuance.

### C. Motion to Reopen

Marrufo filed a motion to reopen. As relevant to this petition for review, he argued that he had new evidence regarding a U Visa application he planned to file. To qualify for a U Visa, an alien must demonstrate that (1) he suffered substantial physical or mental abuse as a result of being a victim of certain enumerated types of criminal activity committed in the United States; (2) he has information about that criminal activity; and (3) a law enforcement official has certified that he has been, is being, or is likely to be helpful in its investigation or prosecution of the criminal activity. *See* 8 U.S.C. § 1101(a)(15)(U)(i)(I)-(IV); *id.* § 1184(p)(1) (requiring application to include the law-enforcement certification). The BIA denied Marrufo's motion to reopen. It first noted there was no evidence that he had obtained the required law-enforcement certification. Further, the BIA said that Marrufo could

- 4 -

pursue his U Visa application with United States Citizenship and Immigration Services (USCIS) independent of his removal proceedings, and if USCIS approved the application, Marrufo could then move to reopen and terminate his removal proceedings.

## II.    Discussion

Marrufo seeks review of the BIA's decisions affirming the IJ's denial of a continuance and denying his motion to reopen. We review the agency's factual determinations for substantial evidence. *Mena-Flores v. Holder*, 776 F.3d 1152, 1162 (10th Cir. 2015). We will reverse a factual finding only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review constitutional and other legal questions de novo. *Mena-Flores*, 776 F.3d at 1162. We review the agency's denial of a request for a continuance and its denial of a motion to reopen for an abuse of discretion. *See Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011) (continuance); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (motion to reopen). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362 (internal quotation marks omitted).

**A.     The BIA Did Not Err in Dismissing Marrufo's Appeal (Appeal No. 14-9587)**

Marrufo contends that the BIA erred in dismissing his appeal because the IJ's denial of a continuance at the June 12, 2013, hearing was an abuse of discretion so egregious that the IJ's decision violated his right to procedural due process.  But the procedural history of Marrufo's removal proceedings belies this claim.  "The Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29.  We agree with the BIA that Marrufo did not establish good cause for a continuance.  Marrufo failed to heed the IJ's warnings that if he failed to submit evidence in support of his cancellation application, the IJ would order him removed.  From the time that Marrufo informed the IJ he was seeking cancellation of removal in December 2008, he had four and a half years to collect and submit his evidence.  Yet he came to the June 12, 2013, hearing unprepared to proceed on that application.  He did not demonstrate—before the IJ or in his BIA appeal—that the cause of his failure to prepare was his second counsel's withdrawal on the eve of that hearing.  Marrufo fails to show that the IJ abused his discretion in denying another continuance at that time.[2]

The BIA also rejected Marrufo's due-process claim.  "Because aliens do not have a constitutional right to enter or remain in the United States, the only

---

[2] We reject Marrufo's claim that the IJ abused his discretion because the IJ misstated the number of previous continuances.  The IJ's denial of a continuance was based on the totality of the circumstances, including the amount of time the case had been pending, multiple previous hearings and continuances, and Marrufo's failure to provide his counsel with evidence supporting his cancellation application.

protections afforded are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotation marks omitted). Marrufo now argues that the IJ denied him a fundamentally fair hearing by refusing to grant a continuance, by precluding him from testifying and presenting other evidence, by failing to rule on the merits of the government's motion to pretermit[3] and his cancellation application, and by failing to make a removability finding.

We have already addressed the due-process arguments Marrufo made in his BIA appeal and concluded that he failed to show an abuse of discretion by the IJ. These contentions likewise do not support a due-process claim. The Attorney General argues that we lack jurisdiction to consider Marrufo's due-process arguments that he failed to present to the BIA. Ordinarily, an alien need not exhaust his constitutional claims before the BIA, "because the BIA has no jurisdiction to review such claims." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). But "objections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Id.* Because Marrufo's additional due-process arguments relate to "procedural errors or defects that the BIA could have remedied,"

---

[3] At or shortly before the June 12, 2013, hearing, the government filed a motion to pretermit, contending that Marrufo failed to meet his burden to show that he had not been convicted of an offense that made him ineligible for cancellation of removal. The government ultimately stated it would withdraw that motion if it was the basis for Marrufo's request for a continuance.

he was required to exhaust them in his BIA appeal. *Id.* His failure to do so deprives this court of jurisdiction to consider these additional contentions. *See Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017-18 (10th Cir. 2007); 8 U.S.C. § 1252(d)(1). We therefore dismiss Marrufo's petition for review in appeal number 14-9587 to the extent he raises these unexhausted arguments.

**B.      The BIA Did Not Abuse its Discretion in Denying Marrufo's Motion to Reopen (Appeal No. 15-9512)**

Marrufo argues that the BIA should have granted his motion to reopen because he was prima facie eligible for a U Visa. Moreover, because a U Visa is a defense to removal, he also claims that the BIA erred in concluding that his application was not relevant to his removal proceedings. And he contends that the BIA erred in concluding he could move to reopen his removal proceedings if a U Visa were approved by USCIS. Marrufo maintains that such a motion would be both number- and time-barred.

Marrufo fails to demonstrate an abuse of discretion. He does not challenge the BIA's determination that there was no evidence he had obtained the law-enforcement certification required for a U Visa application. Moreover, the BIA did not say that a U Visa was irrelevant to his removal proceedings; rather, it accurately stated that he could pursue that application independent of his removal proceedings. *See* 8 C.F.R. § 214.14(c)(1)(ii) (stating aliens subject to final removal orders are not precluded from filing U Visa applications with USCIS). And the BIA also correctly concluded that Marrufo could move to reopen his removal proceedings in the event USCIS

approved his U Visa application. *See id.* § 214.14(c)(5)(i) (permitting alien with U Visa to file a motion to reopen removal proceedings, and stating the government has discretion to join the motion to overcome any time and numerical limitations). The BIA did not abuse its discretion in denying Marrufo's motion to reopen.

## III. Conclusion

The petition for review in appeal number 14-9587 is dismissed in part and denied in part. The petition for review in appeal number 15-9152 is denied. The stay of removal entered in appeal number 14-9587 is lifted.

Entered for the Court


John C. Porfilio
Circuit Judge