FILED
United States Court of Appeals
Tenth Circuit

August 19, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSE MANUEL VALLES-DIERA,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9587
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Petitioner Jose Valles-Diera, a native and citizen of Mexico, appeals the removal

order entered by an Immigration Judge (IJ) and affirmed by the Board of Immigration

Appeals (BIA). We deny the petition for review.

**I. BACKGROUND**

Petitioner entered the United States on or about August 17, 2007, after having

been issued an H-2A visa for a nonimmigrant temporary agricultural worker. The visa

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

permitted him to work for Clay Lowry Forestry, Inc. After about one month, petitioner stopped working for Clay Lowry Forestry and worked for other employers.

In October 2010, petitioner came to the attention of immigration authorities when he was arrested for a traffic violation in Oklahoma City, Oklahoma. He was interviewed by an Immigration and Customs Enforcement (ICE) officer who issued a Form I-213 Record of Deportable/Inadmissible Alien stating petitioner was admitted to the United States "on or about 08/17/2007 as a nonimmigrant H2A with authorization to remain in the United States for a temporary period not to exceed 10/01/2007." R. at 165. In August 2012, petitioner was placed in removal proceedings for failing to comply with the nonimmigrant status of his admission. Petitioner and his attorney appeared for three hearings in Oklahoma City by videoconference with an IJ in Dallas, Texas.

Petitioner testified that he believed his visa authorized him to remain in the United States for as long as his work for Clay Lowry Forestry lasted. He further testified that he worked for Clay Lowry Forestry for about one month, but did not return to Mexico after the work ended. Instead, he worked for one or more other employers in the United States, even though he did not have authorization from immigration authorities to work for any employer other than Clay Lowry Forestry.

The IJ determined that petitioner had lawfully entered the United States as a nonimmigrant H-2A temporary worker "with permission to work for a specified employer for a temporary period of time" and "remained in the United States beyond the time allowed for a nonimmigrant temporary worker and worked for another company after his employment with his petitioning employer ended." R. at 62. The IJ ordered

2

petitioner removed because he had failed to comply with the conditions of his H-2A status. The BIA affirmed. Petitioner now petitions for review arguing (1) the BIA's decision violated his due-process rights because it failed to identify and consider important issues and was not the product of reasoned decision-making and (2) the BIA erred by finding clear and convincing evidence that petitioner was admitted to the United States in an H-2A status and by ordering him removed. He contends that only evidence from the Department of Homeland Security (DHS) department of Customs and Border Patrol (CBP) can establish the admission category under which he was granted admission by CBP at the port of entry.

## II. VENUE

For the three videoconference hearings, petitioner and his attorney were in Oklahoma City, which is in the Tenth Circuit, and the IJ was in Dallas, which is in the Fifth Circuit. The petition for review was originally filed in the Fifth Circuit. On motion by the government, the Fifth Circuit transferred the petition to this court without explanation. Petitioner does not object to venue in this court.

A "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). This provision "is a non-jurisdictional venue provision." *Lee v. Lynch*, 791 F.3d 1261, 1264 (10th Cir. 2015). Because petitioner did not object to venue in the Tenth Circuit, we deem the issue waived. *See Sanchez v. Nitro-Lift Techs., L.L.C.*, 762 F.3d 1139, 1151-52 (10th Cir. 2014) (holding venue may be waived by failing to object).

3

## III.  STANDARDS OF REVIEW

The government "has the burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is [removable]."  8 U.S.C. § 1229a(c)(3)(A).  When reviewing a challenge to the quality and substantiality of the evidence, "the court 'does not ask itself whether it believes that the evidence' establishes removability by clear and convincing evidence, but rather whether the agency's 'judgment is supported by substantial evidence.'"  *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1298 (10th Cir. 2011) (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966)).  In other words, we review for substantial evidence whether the government met its affirmative burden to establish through clear and convincing evidence the alien was removable.  *Id.* at 1299.  "Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary."  *Sarr v. Gonzales*, 474 F.3d 783, 788-89 (10th Cir. 2007) (internal quotation marks omitted).  We neither reweigh the evidence nor assess witness credibility. *Id.* at 789.  We conduct a de novo review of purely legal questions.  *Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 884 (10th Cir. 2005).

The BIA issued a single-member decision.  Therefore, "although we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds."  *Maatougui v. Holder*, 738 F.3d 1230, 1237 n.2 (10th Cir. 2013) (internal quotation marks, brackets and ellipsis omitted).

4

## IV. STATUTORY AND REGULATORY FRAMEWORK

"[A]n alien may be authorized to come to the United States temporarily to perform services or labor for . . . an employer, if petitioned for by that employer." 8 C.F.R. § 214.2(h)(1)(i). Within this nonimmigrant classification, an alien may be in the H-2A category, which applies to "an alien who is coming to perform agricultural labor or services of a temporary or seasonal nature." *Id.*; *see also id.* § 214.2(h)(1)(ii)(C). If an H-2A nonimmigrant temporary worker "seeks to change employers, the prospective new employer must file a petition . . . requesting . . . an extension of the alien's stay in the United States." *See id.* § 214.2(h)(2)(i)(D). Otherwise the H-2A worker must depart the United States at the end of his original employment period. *See id.* § 214.2(h)(5)(viii)(C). In no event is an H-2A worker allowed to remain in the United States longer than three years. *Id.* "Any alien who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted . . . or to comply with the conditions of any such status, is deportable." 8 U.S.C. § 1227(a)(1)(C)(i).

## V. DISCUSSION

Petitioner argues the BIA violated his rights to due process when it failed to address important issues and to deliver a reasoned decision. "[T]he Due Process Clause protects an alien subject to a final order of [removal], though the nature of that protection may vary depending upon status and circumstance." *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) (citation omitted). "[W]hen facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005)

5

(internal quotation marks omitted). An alien in removal proceedings "shall have a reasonable opportunity to examine the evidence against [him], to present evidence on [his] own behalf, and to cross-examine witnesses presented by the Government." *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1248 (10th Cir. 2012) (internal quotation marks omitted); *see also* 8 U.S.C. § 1229a(b)(4)(B).

Petitioner contends the BIA erred in finding clear and convincing evidence that he was admitted in an H-2A category and that he was removable.[1] He asserts that only the I-94 admissions card issued by a CBP officer at the port of entry can establish the nonimmigrant status in which he was admitted. He further argues that ICE was without jurisdiction to determine that he was removable because only the CBP had jurisdiction to do so. Thus, he contends that because the government did not produce an I-94 admissions card or other evidence from CBP to establish his category of admission, the BIA improperly assumed he was admitted in the H-2A category. He argues the "subjective admissions decision made by DHS-CBP officers at the port of entry," Aplt. Br. at 18, controlled the category of admission and the government produced no evidence to establish what those subjective decisions were. In a related argument, petitioner contends his own testimony concerning what he understood to be his admission

---

[1] He characterizes this issue as a question of law to be reviewed de novo. But as stated above, our review is to determine whether substantial evidence supports the agency's decision. *Jimenez-Guzman*, 642 F.3d at 1298.

6

classification was irrelevant since the admission classification was made at the port of entry by a CBP officer.[2]

We reject these arguments. Petitioner does not challenge the record evidence that his visa, which was included in his passport, stated it was an H-2A visa. In addition, the Form I-213 stated petitioner had been admitted to the United States on or about August 17, 2007, on a nonimmigrant H-2A visa and had remained in the United States beyond the authorized period. Although petitioner asserts the BIA and the IJ erroneously relied on the Form I-213 to prove he was removable, "Form I-213 is a presumptively reliable administrative document," *Vladimirov v. Lynch*, 805 F.3d 955, 964 (10th Cir. 2015) (internal quotation marks omitted). Unless "there is evidence of unreliability," information contained in a Form I-213 is "presumed true." *Id.* Petitioner has suggested no evidence of unreliability and there is no indication that the Form I-213 "was carelessly or maliciously drafted or was intended to serve as anything other than an administrative record," *id.* (internal quotation marks omitted). Thus, the IJ and the BIA appropriately relied on it. Petitioner has cited no relevant authority for his claim that the subjective decision of the CBP officer is controlling or that ICE was without jurisdiction to determine he was removable. Having concluded the IJ and BIA properly relied on petitioner's passport and visa, as well as the Form I-213, we reject the argument that the

---

[2] Petitioner claims the government failed to produce evidence that a stamp was placed in his passport specifying a visa expiration date or stating the visa was valid "indefinitely," arguing it was likely he received an "indefinite" visa, *see* Aplt. Br. at 13. He relies on 22 C.F.R. § 41.113(d), but that section does not refer to an "indefinite" visa. Moreover, the regulation does not authorize an alien to remain in the United States in violation of his admission status.

government was required to adduce additional evidence to establish petitioner's admission classification.

Petitioner next contends the period his visa was valid had no bearing on the period of time the CBP officer authorized him to stay in the United States. *See* Aplt. Br. at 13 (citing 22 C.F.R. § 41.112(a)). But the BIA did not determine that petitioner stayed in the United States longer than authorized by CBP officers; rather, it held that he violated his status by staying after the end of his employment with Clay Lowry Forestry and working for different employers who did not file the appropriate petitions on his behalf.

Petitioner also complains that the BIA's decision did not comprehensively discuss all of his arguments, but instead adopted the IJ's conclusion that the government had met its burden of proving removability. "The BIA is not required to write an exegesis on every contention. What is required is that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Maatougui*, 738 F.3d at 1242-43 (brackets and internal quotation marks omitted). As our discussion above demonstrates, the BIA's reasoning is adequate for meaningful review.

We conclude the agency's finding that petitioner was admitted in the H-2A category is conclusive because the record does not compel a contrary conclusion. *See Sarr*, 474 F.3d at 788-89. We further determine substantial evidence supports the BIA's ruling that petitioner was removable because he failed to comply with the conditions of the H-2A classification under which he was admitted.

## VI. CONCLUSION

For the reasons stated, the petition for review is denied.

Entered for the Court


Monroe G. McKay
Circuit Judge