**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-2206**

JOSE AMBIORIX ABREU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 18, 2023                    Decided: December 19, 2023

Before KING, AGEE, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Earl Raynor, Philadelphia, Pennsylvania, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Ilana J. Snyder, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Ambiorix Abreu, a native and citizen of the Dominican Republic, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the Immigration Judge's (IJ) denial of Abreu's motion to terminate removal proceedings and upholding his order of removal.[*]

Abreu acknowledges the criminal convictions driving his removal order and that his direct appeals have been exhausted. He claims, however, that the convictions are not final for immigration purposes due to pending post-conviction relief petitions that bear directly on his guilt or innocence. Upon review, we find Abreu's argument to be without merit. *See Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011) ("Pending post-conviction motions or other collateral attacks do not negate the finality of a conviction for immigration purposes unless and until the conviction is overturned."); *Paredes v. Att'y Gen. of U.S.*, 528 F.3d 196, 198-99 (3d Cir. 2008) (collecting cases and concluding that pendency of collateral proceedings "does not vitiate finality").

Accordingly, we deny the petition for review. *See In re Abreu* (B.I.A. Oct. 28, 2022). We deny Abreu's motion to file a supplemental appendix and dispense with oral

---

[*] The IJ found Abreu removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(A) (murder, rape, or sexual abuse of a child) and 8 U.S.C. § 1101(a)(43)(U) (a law relating to an attempt or conspiracy to commit an offense described in 8 U.S.C. § 1101(a)(43)), and pursuant to 8 U.S.C. § 1227(a)(2)(E)(i), for having been convicted of a crime of domestic violence, stalking, child abuse, child neglect or child abandonment.

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*